PER CURIAM.
We have for consideration the quadrennial report of The Florida Bar Criminal Procedure Rules Committee proposing rules changes in accordance with Florida Rule of Judicial Administration 2.130(c)(3). We have jurisdiction. See art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to the Board of Governors of The Florida Bar for its approval, and the Board approved the changes unanimously. The proposed changes were published for comments and several were filed.
The Committee asks us to amend Florida Rules of Criminal Procedure 3.025, 3.030, 3.111, 3.125, 3.190, 3.191, 3.213, 3.217, 3.218, 3.219, 3.692, 3.800, 3.851, 3.986, 3.9.87, 3.989, 3.993, and 3.994.[1] After reviewing the Committee’s proposals, considering the comments filed by interested persons, and hearing oral argument, we adopt the Committee’s proposed changes with the exceptions noted below.
We decline to adopt the proposed change to subdivision (d)(4) (waiver of counsel) of rule 3.111, Providing Counsel for Indigents, which would remove language requiring two attesting witnesses to all out-of-court waivers of counsel. At oral argument, the Public Defender of the Second Judicial Circuit expressed concern regarding defendants’ execution of out-of-court waivers without a formal procedure. Since all waivers of counsel must be voluntary, we conclude that the Public Defender’s concerns have merit. Therefore, we reject the amendment to subdivision (d)(4).
However, we do adopt the new subdivision (e)(2) of rule 3.111, which conforms the criminal rules to Florida Rule of Appellate Procedure 9.140(b)(5) which requires that defense counsel not be allowed to withdraw until substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation.
We also do not adopt the proposed amendment to subdivision (h)(4) of rule *458 3.190, Pretrial Motions, which would add language requiring motions to suppress evidence to be made “a reasonable time” before trial unless good cause is demonstrated for the delay. Numerous problems that could arise from the use of the “reasonable time” language were raised in the comments and discussed at oral argument. The Chair of the Committee, the Honorable O.H. Eaton, Jr., Circuit Judge of the Eighteenth Judicial Circuit Court, agreed that because the trial court judges of this State already have the inherent authority to manage their dockets in such a manner as to address the time for filing of motions to suppress, “criminal justice won’t come to a standstill” if this proposed rule change is not adopted. In light of this inherent authority, we see no reason to adopt the proposed amendment at this time.
We adopt all the proposed amendments to rule 3.851, Collateral Relief After Death Sentence Has Been Imposed,[2] with minor modifications and the addition of a provision to new subdivision (d), Incompetency to Proceed in Capital Collateral Proceedings, as explained below. The addition of the language “And Affirmed on Direct Appeal,” to the title and subdivision (a), Scope, is intended to remove ambiguity that could result when a death sentence is imposed but thereafter is reduced to a life sentence on direct appeal. We have modified the proposed amendments to subdivisions (b) and (c) to delete references to time periods which are no longer necessary. New subdivision (d), Incompetence to Proceed in Capital Collateral Proceedings, is added in response to this Court’s decision in Carter v. State, 706 So.2d 873, 876 n. 3 (Fla.1997). In that case, the Court held that “a judicial determination of competency is required when there are reasonable grounds to believe that a capital defendant is incompetent to proceed in postconviction proceedings in which factual matters are at issue, the development or resolution of which require the defendant’s input.” Carter, 706 So.2d at 875. In drafting proposed subdivision (d), the Committee looked to rules 3.210-3.212, which govern trial-level competency determinations. However, it appears that the Committee overlooked the need for a provision similar to rule 3.211(d), which specifies the written findings that must be contained in an expert’s report to the trial court. We believe that the expert report should contain detailed findings similar to those required by rule 3.211(d). Accordingly, we have added a provision modeled after that rule. We also have made minor changes to subdivisions (d)(1) and (d)(4) to make clear that the rule applies in collateral proceedings.
We, adopt the following amendments as proposed by the Committee. Rule 3.025, State and Prosecuting Attorney Defined, is adopted to clarify that when terms such as “state,” “state attorney,” “prosecutor,” and “prosecution” are used in the rules they should be construed to mean the prosecuting authority representing the state.
Rule 3.030, Service of Pleadings and Papers, is amended to add subdivision (b)(5) which regulates the electronic service of pleadings and papers on parties. The amendment is modeled after Florida Rule of Civil Procedure 1.080(b)(5), which addresses service by facsimile. The amendment to subdivision (d) recognizes that electronic filing is permissible.
Rule 3.191, Speedy Trial, is amended to require demands for speedy trial and notice of expiration of speedy trial time to be *459 separately captioned and filed so as to prevent these time-triggering pleadings from being buried in pleadings addressing unrelated matters. Additionally, the rule is amended to require service of a copy of the pleading on the prosecuting authority.
Rules 3.213, 3.217, 3.218 and 3.219 are amended to change the reference from the Department of Health and Rehabilitative Services to the Department of Children and Family Services.
Rules 3.692, Petition to Seal or Expunge, and 3.989, Affidavit, Petition, and Order to Expunge or Seal Forms, are amended to require that a petition seeking to seal or expunge nonjudicial criminal history records be accompanied by a certificate of eligibility issued to the petitioner by Florida Department of Law Enforcement. The amendments conform these rules to the requirements of State v. D.H.W., 686 So.2d 1331 (Fla.1996).
Rule 3.800, Correction, Reduction, and Modification of Sentences, is amended to provide that sentences that fail to grant proper credit for time served, when proper credit is determinable from the record without the necessity of an evidentiary hearing, are illegal and correctable under subdivision (a). The purpose of this amendment is to conform subdivision (a) to this Court’s opinion in State v. Mancino, 714 So.2d 429 (Fla.1998).[3]
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 3.025. STATE AND PROSECUTING ATTORNEY DEFINED
Whenever the terms “state,” “state attorney,” “prosecutor,” “prosecution,” “prosecuting officer,” or “prosecuting attorney” are used in these rules, they shall be construed to mean the prosecuting authority representing the state of Florida.
Committee Notes
2000 Adoption. This provision is new. Its purpose is to include the Office of Statewide Prosecution as a prosecuting authority under these rules. No substantive changes are intended by the adoption of this rule.
RULE 3.030. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one as-toabout which a hearing ex parte is authorized, and every written notice, demand, and similar paper shall be served on each party; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.
(b) Same; How Made. When under these-r-ules service is required or permit *460 ted to be made on a party represented by an attorney, the service shall be made on the attorney unless service on the party is ordered by the court. Service on the attorney or on a party shall be made by delivering a copy to the party or by mailing it to the party’s last known address, or, if no address is known, by leaving it with the clerk of the court who shall place it in the court file. Delivery of a copy within this rule shall mean:
(1) handing it to the attorney or to the party; or
(2) leaving it at the attorney’s office with the secretary or other person in charge; or
(3) if there is no one in charge, leaving it in a conspicuous place therein; or
(4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with a family member above 15 years of age and informing that person of the contents. Service by mail shall be deemedconsidered complete upon mailing^ or
(5) transmitting it electronically to each party with a cover sheet indicating the sender’s name, bar number, firm, address, telephone number, facsimile or modem number, and the number of pages transmitted. Electronic service occurs when transmission of the last page is complete. Service by delivery or electronic transmission after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(c) Filing. All original papers, copies of which are required to be served on parties, must be filed with the court either before service or immediately thereafter.
(d) Filing with the Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him or her, in which event the judge shall note thereon the filing date and transmit them to the office of the clerk. Unless any rule expressly provides to the contrary, filing of pleadings and other papers with the court may be made by electronic transmission provided for and in accordance with the Florida Rules of Judicial Administration.
(e) Certificate of Service. When any attorney shall in substance certify:
I do certify that a copy (copies) hereof (has) (have) been furnished to (here insert name or names) by (delivery) (mail) this — ==—day—of— — -1-9 on.... (date)....
Attorney
the certificate shall be taken as prima facie proof of service in compliance with all rules of court and law.
Committee Notes
1968 Adoption. Taken from the Florida Rules of Civil Procedure.
1972 Amendment. Same as prior rule; (a) amended by deleting reference to trial on affidavit.
2000 Amendment. Fraudulent manipulation of electronically transmitted service should be considered contemptuous and dealt with by appropriate sanctions by the court.
RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial restraint, or at the first appearance before a committing magistrate, whichever occurs earliest.
*461 (b) Cases Applicable.
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution) including appeals from the conviction thereof. Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior tobefore trial, files in the cause a statement in writing that the defendant will not be imprisoned if convicted.
(2) Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings that are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
(3) Counsel may be provided to a partially indigent person on request, provided that the person shall defray that portion of the cost of sudwepresentation and the reasonable costs of investigation as he or she is able without substantial hardship to the person or the person’s family, as directed by the court.
(4) “Indigent” as- ■ used- herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to the person or the person’s family; “partially indigent” as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to the person or the person’s family.
(5) The court shall, prior toBefore appointing a public defender, the court shall:
(A) inform the accused that, if the public defender is appointed, a lien for the services rendered by the public defender may be imposed under section 27.56, Florida Statutes;
(B) make inquiry into the financial status of the accused in a manner not inconsistent with the guidelines established by section 27.52, Florida Statutes. The accused shall respond to the inquiry under oath;
(C) require the accused to execute an affidavit of insolvency in the format provided by section 27.52, Florida Statutes.
(c) Duty of Booking Officer. In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) The officer shall immediately advise the defendant:
(A) of the right to counsel;
(B) that, if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer that he or she cannot afford counsel, the officer shall immediately and effectively place the defendant in communication with the (office of) public defender of the circuit in which the arrest was made.
(3) If the defendant indicates that he or she has an attorney or is able to retain an attorney, the officer shall immediately and effectively place the defendant in communication with the attorney or the Lawyer Referral Service of the local bar association.
(4) The public defender of each judicial circuit may interview a defendant when contacted by, or on behalf of, a defendant who is, or claims to be, indigent as defined by law.
*462 (A) If the defendant is in custody and reasonably appears to be indigent, the public defender shall tender such advice as is indicated by the facts of the case, seek the setting of a reasonable bail, and otherwise represent the defendant pending a formal judicial determination of indigency.
(B) If the defendant is at liberty on bail or otherwise not in custody, the public defender shall elicit from the defendant only such the information from the-defendant asthat may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigency. If the court finds the defendant indigent, it shall immediately appoint counsel to represent the defendant.
(d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or the announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be deemed considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
(3) Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter’s transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly funded cases, the public defender for the local circuit court shall be appointed initially until the record is transmitted to the appellate court; or
(2)(3) the time has expired for filing of a notice of appeal, and no such notice has been filed.
*463 Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal pursuant to Florida-Rule of Criminal Pro-eedureunder rule 3.800(b)(2).
Committee Notes
1972 Adoption. Part 1 of the ABA Standard relating to providing defense services deals with the general philosophy for providing criminal defense services and while the committee felt that the philosophy should apply to the Florida Rules of Criminal Procedure, the standards were not in such form to be the subject of that particular rule. Since the standards deal with the national situation, contained in them were alternative methods of providing defense services, i.e., assigned counsel vs. defender system; but, Florida, already having a defender system, need not be concerned with the assigned counsel system.
(a) Taken from the first sentence of ABA Standard 5.1. There was considerable discussion within the committee concerning the time within which counsel should be appointed and who should notify defendant’s counsel. The commentary in the ABA Standard under 5.1a, b, convinced the committee to adopt the language here contained.
(b) Standard 4.1 provides that counsel should be provided in all criminal cases punishable by loss of liberty, except those types where such punishment is not likely to be imposed. The committee determined that the philosophy of such standard should be recommended to the Florida Supreme Court. The committee determined that possible deprivation of liberty for any period makes a case serious enough that the accused should have the right to counsel.
(c) Based on the recommendation of ABA Standard 5.1b and the commentary thereunder which provides that implementation of a rule for providing the defendant with counsel should not be limited to providing a means for the accused to contact a lawyer.
(d) From standard 7.2 and the commentaries thereunder.
1980 Amendment. Modification of the existing rule (the addition of (b)(5)(A)-(C)) provides a greater degree of uniformity in appointing counsel to indigent defendants. The defendant is put on notice of the lien for public defender services and must give financial information under oath.
A survey of Florida judicial circuits by the Committee on Representation of Indigents of the Criminal Law Section (1978-79) disclosed the fact that several circuits had no procedure for determining indigen-cy and that there were circuits in which no affidavits of insolvency were executed (and no legal basis for establishing or collecting lien monies).
1992 Amendment. In light of State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990), in which the supreme court pronounced that motions seeking belated direct appeal based on ineffective assistance of counsel should be filed in the trial court pursuant to rule 3.850, the committee recommends that rule 3.111(e) be amended to detail with specificity defense counsel’s duties to perfect an appeal prior to withdrawing after judgment and sentence. The present provision merely notes that such withdrawal is governed by Florida Rule of Appellate Procedure 9.140(b)(3).
1998 Amendment. The amendments to (d)(2)-(3) were adopted to reflect State v. Bowen, 698 So.2d 248 (Fla.1997), which *464 implicitly overruled Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev’d on other grounds, 216 So.2d 749 (Fla.1968). See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir.1986), for a list of factors the court may consider. See also McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), and Savage v. Estelle, 924 F.2d 1459 (9th Cir.1990), cert. denied 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1991), which suggest that the defendant’s right to self-representation is limited when the defendant is not able or 'willing to abide by the rules of procedure and courtroom protocol.
2000 Amendment. This rule applies only to judicial proceedings and is inapplicable to investigative proceedings and matters. See rule 3.010.
RULE 3.125. NOTICE TO APPEAR
(a) Definition. Notice to appear means, «Unless indicated otherwise, notice to appear means a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a person is arrested for an offense declared to be a misdemeanor of the first or second degree or a violation, or is arrested for violation of a municipal or county ordinance triable in the county, and demand to be taken before a magistrate is not made, notice to appear may be issued by the arresting officer unless:
(1) the accused fails or refuses to sufficiently identify himself or herself or supply the required information;
(2) the accused refuses to sign the notice to appear;
(3) the officer has reason to believe that the continued liberty of the accused constitutes an unreasonable risk of bodily injury to the accused or others;
(4) the accused has no ties with the jurisdiction reasonably sufficient to assure the accused’s appearance or there is substantial risk that the accused will refuse to respond to the notice;
(5) the officer has any suspicion that the accused may be wanted in any jurisdiction; or
(6) it appears that the accused previously has previously failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Booking Officer. If the arresting officer does not issue notice to appear because of one of the exceptions listed in subdivision (b)(-l-)--through (b)(6) and takes the accused to police headquarters, the booking officer may issue notice to appear if the officer determines that there is a likelihood that the accused will appear as directed, based on a reasonable investigation of the accused’s:
(1) residence and length of residence in the community;
(2) family ties in the community;
(3) employment record;
(4) character and mental condition;
(5) past record of convictions; or
(6) past history of appearance at court proceedings.
(d) How and When Served. If notice to appear is issued, it shall be prepared in quadruplicate. The officer shall deliver 1 copy of the notice to appear to the arrested person and the person, to secure release, shall give a written promise to appear in court by signing the 3 remaining copies: 1 to be retained by the officer and 2 to be filed with the clerk of the court. These 2 copies shall be sworn to by the arresting officer before a notary public or a deputy clerk. If notice to appear is issued pursuant tounder subdivision (b), *465 the notice shall be issued immediately upon arrest. If notice to appear is issued pursuant tounder subdivision (c), the notice shall be issued immediately upon completion of the investigation. The arresting officer or other duly authorized official shall-then shall release from custody the person arrested from custody.
(e) Copy to the Clerk of the Court. With the sworn notice to appear, the arresting officer shall file with the clerk a list of witnesses and their addresses and a list of tangible evidence in the cause. One copy shall be retained by the officer and 2 copies shall be filed with the clerk of the court.
(f) Copy to State Attorney. The clerk shall deliver 1 copy of the notice to appear and schedule of witnesses and evidence filed therewith to the state attorney.
(g) Contents. If notice to appear is issued, it shall contain the:
(1) name and address of the accused;
(2) date of offense;
(3) offense(s) charged — by statute and municipal ordinance if applicable;
(4) counts of each offense;
(5) time and place that the accused is to appear in court;
(6) name and address of the trial court having jurisdiction to try the offense(s) charged;
(7) name of the arresting officer;
(8) name(s) of any other person(s) charged at the same time; and
(9) signature of the accused.
(h) Failure to Appear. If a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued pursuant tounder rule 3.121.
(i) Traffic Violations Excluded. Nothing contained herein shall prevent the operation of a traffic violations bureau, the issuance of citations for traffic violations, or any procedure pursuant-founder chapter 316, Florida Statutes.
(j) Rules and Regulations. Rules and regulations of procedure governing the exercise of authority to issue notices to appear shall be established by the chief judge of the circuit.
(k) Procedure by Court.
(1) Upon the appearance of When the accused appears before the court pursuant tounder the requirements of the notice to appear, the court shall advise the defendant as set forth in rule 3.130(b), and the provisions of that rule shall apply. The accused at such appearance may elect to waive the right to counsel and trial and enter a plea of guilty or nolo contendere by executing the waiver form contained on the notice to appear, and the court may enter judgment and sentence in the cause.
(2) In the event the defendant enters a plea of not guilty, the court may set the cause for jury or nonjury trial on the notice to appear pursuant tounder the provisions of rules 3.140 and 3.160. Upon the setting-&fWhen the court sets a trial date by the court, the clerk shall, without further praecipe, issue witness subpoenas to the law enforcement officer who executed the notice to appear and to the witnesses whose names and addresses appear on the list filed by the officer, requiring their attendance at trial.
(I) Form of Notice to Appear and Schedule of Witnesses and Evidence. The notice to appear and schedule of witnesses and evidence shall be in substantially the following form:
IN THE COUNTY COURT, IN AND FOR _ COUNTY, FLORIDA
NOTICE TO APPEAR
Agency Case #
*466 STATE OF FLORIDA, COUNTY OF _
In the name of_County, Florida: The undersigned certifies that he or she has just and reasonable grounds to believe, and does believe, that:
On fee — =====—day—of— -? 19- .... (date)...., at _ ( )a.m. ()p.m.
_ _(Last Name)_(First) (M.I.) -(Aliases) -(Street — City and State) _(Date and Place of Birth) _(phone) __ (Race/Sex) ._. (Height) _(Weight) __.(Hair) _ (Eyes) _(Scars/Marks) -(Occupation) _ (Place of Employment) _ (Employment Phone) _(Complexion) _(Driver’s License #) _ (Yr./St.) -(Social Security #) at_(Location) in_ County, Florida, committed the following offense(s):
(1) - (2)-in violations of section(s): _:_ ( ) State Statute ( ) Municipal Ord.
DID (Narrative):_
-(Name of Officer) -(ID)-(Agency)
[ ] Mandatory appearance in court, -(Location) - (Month Day), 19 on .... (date)...., at_ ( )a.m. ( )p.m.
[ ] You need not appear in court, but must comply with instructions on back.
CO-DEFENDANTS:
1. -(Name DOB Address) [ ] Cited [ ] Jailed
2. -(Name DOB Address) [ ] Cited [ ] Jailed
I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED ABOVE TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST SHALL BE ISSUED.
Signature of Defendant
I swear the above and reverse and attached statements are true and correct to the best of my knowledge and belief.
Complainant
Agency or Department
Sworn to and subscribed before me this - day — of —. , 19 -on .... (date).
Notary Public, State of Florida
WAIVER INFORMATION
If you desire to plead guilty or nolo contendere (no contest) and you need not appear in court as indicated on the face of this notice, you may present this notice at the county court named on the reverse of this page.
From (Date)_(date). -(Hour) to -- —(Date)-(date)...., -(Hour) and pay a fine of - dollars in cash, money order, or certified check.
*467 The waiver below must be completed and attached. Read carefully.
Your failure to answer this summons in the manner subscribed will result in a warrant being issued on a separate and additional charge.
“In consideration of my not appearing in court, I the undersigned, do hereby enter my appearance on the affidavit for the offense charged on the other side of this notice and waive the reading of the affidavit in the above named cause and the right to be present at the trial of said action. I hereby enter my plea of Guilty [ ] or Nolo Contendere [ ], and waive my right to prosecute appeal or error proceedings.
“I understand the nature of the charge against me; I understand my right to have counsel and waive this right and the right to a continuance. I waive my right to trial before a judge or jury. I plead Guilty [ ] or Nolo Contendere [ ] to the charge, being fully aware that my signature to this plea will have the same effect as a judgment of this court.”
Total Fine and Cost_
Defendant Signature_
Address-
IN THE COUNTY COURT, IN AND FOR _ COUNTY, FLORIDA
SCHEDULE OF WITNESSES AND EVIDENCE FOR NOTICE TO APPEAR
Agency Case #
(Last Name First M.I. Abases)
(Address)
(Date of Notice to Appear) .... (date of notice to appear).... Of-
fense(s): (1)-(2)-
Date-of-Notice-te-Appear-(2)-
TANGIBLE EVIDENCE: (If none, write “None”)
Item: -
Obtained from (person and/or place): __
first received by: _
given to: _
WITNESSES: (If none, write “None”)
# 1 Name: _
Res. Tel. No. _Address: _
Bus. Tel. No. _Business: _
Testimony: _
# 2 Name:
Res. Tel. No. Address:
Bus. Tel. No. Business:
Testimony: _
# 3 Name:
Res. Tel. No. Address:
Bus. Tel. No. Business:
Testimony: _
I certify that the foregoing is a complete list of witnesses and evidence known to me.
Investigating Officer
Agency
Committee Notes
1992 Amendment. The amendment deletes subdivision (k) and reletters subdivisions (l) and (m). The ebmination of subdivision (k) will entitle individuals charged *468 with criminal violations to the same discovery, without regard to the nature of the charging instrument. As amended, persons charged by way of a notice to appear can obtain the same discovery as persons charged by way of either an information or an indictment. In this regard the committee also has proposed amendments to rule 3.220(b)(1), (b)(2), (e)(1), and (h)(1) to change the reference from “indictment or information” to “charging document.”
RULE 3.190. PRETRIAL MOTIONS
(a) In General. Every pretrial motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. This requirement may be waived by the court for good cause shown. Each motion or other pleading shall state the ground or grounds on which it is based. A copy shall be served on the adverse party. A certificate of service must accompany the filing of any pleading.
(b) Motion to Dismiss; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or upe-nat arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided fer-shall be taken to have-been-considered waived. — However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which the defendant has been pardoned.
(2) The defendant is charged with an offense offer which the defendant has previously has been placed in jeopardy.
(3) The defendant is charged with an offense for which the defendant has previously has been granted immunity.
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
The facts on which suehthe motion is based should be specifically alleged specifically and the motion sworn to.
(d) Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be deemedconsidered admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the de *469 fendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If the defendant has been released on bail, the defendant and the sureties shall be exonerated; if money or bonds have been deposited as bail, suehthe money or bonds shall be refunded.
(f) Order Dismissing. For the purpose of construing section 924.07(1), Florida Statutes (1969), the statutory term “order quashing” shall be taken and held to mean “order dismissing.”
(g) Motion for Continuance.
(1) Definition. A continuance within the meaning of this rule is the postponement of a cause for any period of time.
(2) Cause. The court oOn motion of the state or a defendant or on its own motion, the court may grant a continuance, in its discretion for good cause shown grant a continuance.
(3) Time for Filing. A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or the ground for the motion arose after the cause was set for trial.
(4) Certificate of Good Faith. A motion for continuance shall be accompanied by a certificate of the movant’s counsel that the motion is made in good faith.
(5) Affidavits. The party applying for a continuance may file affidavits in support of the motion, and the adverse party may file counter-affidavits in opposition to the motion.
(h) Motion to Suppress Evidence in Unlawful Search.
(1)Grounds. A defendant aggrieved by an unlawful search and seizure may move to suppress anything so obtained for use as evidence because:
(A) the property was illegally seized without a warrant;
(B) the warrant is insufficient on its face;
(C) the property seized is not thatthe property described in the warrant;
(D) there was no probable cause for believing the existence of the grounds on which the warrant was issued; or
(E) the warrant was illegally executed.
(2) Contents of Motion. Every motion to suppress evidence shall clearly-state clearly the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting the defendant’s position and the state may offer rebuttal evidence.
(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
(i)Motion to Suppress a Confession or Admission Illegally Obtained.
(1) Grounds. On motion of the defendant or on its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
(2) Time for Filing. The motion to suppress shall be made prior tobefore trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its *470 discretion may entertain the motion or an appropriate objection at the trial.
(3)Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.
(j) Motion to Take Deposition to Perpetuate Testimony.
(1) After the filing of an indictment or information on which a defendant is to be tried-is-filed, the defendant or the state may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness’s testimony is material, and that it is necessary to take the deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any nonprivileged designated books, papers, documents, or tangible objects,-not privileged-,' be produced at the same time and place. If the application is made within 10 days before the trial date, the court may deny the application.
(2) If the defendant or the state desires to perpetuate the testimony of a witness living in or out of the state whose testimony is material and necessary to the case, the same proceedings shall be followed as provided in the preceding subdivision (i)(l), but the testimony of the witness may be taken before an official court reporter, transcribed by the reporter, and filed in the trial court.
(3) If the deposition is taken on the application of the state, the defendant and the defendant’s attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep the defendant in the presence of the witness during the examination. A defendant not in custody may be present at the examination, but the failure to appear after notice and tender of expenses shall constitute a waiver of the right to be present. The state shall pay to the defendant’s attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination. The state shall make available to the defendant for examination and use at the deposition any statement of the witness being deposed that is in the possession of the state and that the state would be required to make available to the defendant if the witness were testifying at trial.
(4) The application and order to issue the commission may be made either in term time or in vacation. The commission shall be issued at a time to be fixed by the court.
(5) Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution, and return of the commission, and the opening of the depositions in civil actions shall apply in criminal cases.
(6) No deposition shall be used or read into evidence when the attendance of the witness can be procured. If the court determines that any person whose deposition has been taken is absent because of procurement, inducement, or threats of any person on behalf of the state or of the defendant or of any person on the defendant’s behalf, the deposition shall not be read in evidence on behalf of the defendant.
(k) Motion to Expedite. UpoOn motion by the state, the court, in the exercise of its discretion, shall take into consider *471 ation the dictates of sections 825.106 and 918.0155, Florida Statutes (1995).
Committee Notes
1968 Adoption, (a) New; devised by committee.
(b) Substantially the same as section 909.02, Florida Statutes, except changes name of “motion to quash” to “motion to dismiss.” This conforms to the terminology of the Federal Rules of Criminal Procedure. The statute authorizing the state to appeal from certain orders, section 924.07, Florida Statutes, should be amended by substituting the words “motion .to dismiss” for “motion to quash.”
(c) Combines the substance of sections 909.01 and 909.06, Florida Statutes. Subdivision (4) affords a new remedy to an accused. Although there is now a conclusive presumption of probable cause once an indictment or information is filed (see Sullivan v. State, 49 So.2d 794 (Fla.1951)), it is felt that this rule is necessary. Primarily, this procedure will permit a pretrial determination of the law of the case when the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a subsequent prosecution.
(d) New; based on Marks v. State, 115 Fla. 497, 155 So. 727 (1934), and what is generally regarded as the better practice. Hearing provision based on federal rule 41(e).
(e) Combines federal rule 12(b)(5) and section 909.05, Florida Statutes. With reference to the maximum time that a defendant will be held in custody or on bail pending the filing of a new indictment or information, the trial court is given discretion in setting such time as to both the indictment and information. This proposal differs from section 909.05, Florida Statutes, with reference to the filing of a new indictment in that the statute requires that the new indictment be found by the same grand jury or the next grand jury having the authority to inquire into the offense. If the supreme court has the authority to deviate from this statutory provision by court rule, it seems that the trial court should be granted the same discretion with reference to the indictment that it is granted concerning the information. The statute is harsh in that under its provisions a person can be in custody or on bail for what may be an unreasonable length of time before a grand jury is required to return an indictment in order that the custody or bail be continued.
(g)(1) This subdivision is almost the same as section 916.02(1), Florida Statutes.
(g)(2) This subdivision is almost the same as section 916.02(2), Florida Statutes.
(g)(3) This subdivision is almost the same as section 916.03, Florida Statutes.
(g)(4) This subdivision rewords a portion of section 916.04, Florida Statutes.
(g)(5) This subdivision rewords section 916.07, Florida Statutes.
(h) Same as federal rule 41(e) as to the points covered.
(i) This rule is based on 38-144-11 of the Illinois Code of Criminal Procedure and federal rule 41(e).
(j) This subdivision rewords and adds to federal rule 14. It covers the subject matter of section 918.02, Florida Statutes.
(k) This rule is almost the same as federal rule 13, with provision added for trial by affidavit.
(l) Substantially same as section 916.06, Florida Statutes, with these exceptions: application cannot be made until indictment, information, or trial affidavit is filed; application must be made at least 10 days before trial; oral deposition in addition to written interrogatories is permissible.
*472 1972 Amendment. Subdivision (h) is amended to require the defendant to specify the factual basis behind the grounds for a motion to suppress evidence. Subdivision (l) is amended to permit the state to take depositions under the same conditions that the defendant can take them. Former subdivisions (j) and (k) transferred to rules 3.150, 3.151, and 3.152. Subdivisions (l)and (m) renumbered (j) and (k) respectively. Otherwise, same as prior rule.
1977 Amendment. This amendment resolves any ambiguity in the rule as to whether the state must file a general or a specific traverse to defeat a motion to dismiss filed under the authority of rule 3.190(c)(4).
See State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974).
The amendment clearly now requires a specific traverse to specific material fact or facts.
1992 Amendment. The amendments, in addition to gender neutralizing the wording of the rule, make a minor grammatical change by substituting the word “upon” for “on” in several places. The amendments also delete language from subdivision (a) to eliminate from the rule any reference as to when pretrial motions are to be served on the adverse party. Because rule 3.030 addresses the service of pleadings and papers, such language was removed to avoid confusion and reduce redundancy in the rules.
RULE 3.191. SPEEDY TRIAL
(a) Speedy Trial without Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (f), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged is a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d). A person charged with a crime is entitled to the benefits of this rule whether the person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This subdivision shall cease to apply whenever a person files a valid demand for speedy trial under subdivision (b).
(b) Speedy Trial upon Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving on the state -attorney a separate pleading entitled “Demand for Speedy Triak,” and serving a copy on the prosecuting authori-ÍZ-
(1) No later than 5 days from the filing of a demand for speedy trial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing; in open court; receipt of the demand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
(3) The failure of the court to hold such a calendar call on a demand that has been properly filed and served shall not interrupt the running of any time periods under this subdivision.
(4) If the defendant has not been brought to trial within 50 days of the filing *473 of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (p).
(c) Commencement of Trial. A person shall be deemedconsidered to have been brought to trial if the trial commences within the time herein provided. The trial is deemedconsidered to have commenced when the trial jury panel for that specific trial is sworn for voir dire examination or, upon waiver of a jury trial, when the trial proceedings begin before the judge.
(d) Custody. For purposes of this rule, a person is taken into custody
(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or
(2) when the person is served with a notice to appear in lieu of physical arrest.
(e) Prisoners outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this factthe person’s return is filed with the court and served on the prosecutor. For suehthese persons, the time period under subdivision (a) commences on the date the last act required under this subdivision occurs. For suehthese persons the time period under subdivision (b) commences when the demand is filed so long as the acts required under this subdivision occur prior'tobefore the filing of the demand. If the acts required under this subdivision do not precede the filing of the demand, then the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing hereinabove- statedin this rule shall affect a prisoner’s right to speedy trial under sections 941.45-941.50, Florida Statutes (1979)law.
(f) Consolidation of Felony and Misdemeanor. When a felony and a misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.
(g) Demand for Speedy Trial; Accused Is Bound. A demand for speedy trial binds the accused and the state. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. A demand for speedy trial shall be deemedconsidered a pleading that the accused is available for trial, has diligently investigated the case, and is prepared or will be prepared for trial within 5 days. A demand filed by an accused who has not diligently investigated the case or who is not timely prepared for trial shall be stricken as invalid on motion of the prosecuting attorney. A demand may not be withdrawn by the accused except on order of the court, with consent of the state or on good cause shown. Good cause for continuances or delay on behalf of the accused thereafter shall not thereafter-include nonreadiness for trial, except as to matters that may arise after the demand for trial is filed and that reasonably could not reasonably have been anticipated by the accused or his -or-her-counsel for the accused. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this rule.
(h) Notice of Expiration of Time for Speedy Trial; When Timely. A notice of expiration of speedy trial time shall be timely if filed and served on or after the expiration of the periods of time for trial *474 provided for herein; ■ bin this rule. However, a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.
(i) When Time May Be Extended. The periods of time established by this rule may be extended, provided the period of time sought to be extended has not expired at the time the extension was procured. Such aAn extension may be procured by:
(1) upefr-stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced;
(2) by^-written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined in subdivision
(3) by — written or recorded order of the court with good cause shown by the accused; or
(4) by^-written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for appeals by the state, and for trial of other pending criminal charges against the accused.
(j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under subdivision (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
If the court finds that discharge is not appropriate for reasons under subdivisions (j)(2), (8), or (4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.
(k) Availability for Trial. A person is unavailable for trial if the person or the person’s counsel fails to attend a proceeding whereat which either’s presence is required by these rules, or the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for hereinin this rule is not entitled to be discharged. No presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused then must by competent proof establish, by competent proof, availability during the term.
(?) Exceptional Circumstances. As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that, as a matter of substantial justice to the accused or the state or both, require an order by the court. SuehThese circumstances include:
*475 (1) unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(2) a showing by the state that the case is so unusual and so complex, due tebecause of the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(3) a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time;
(4) a showing by the accused or the state of necessity for delay grounded on developments that could not have been anticipated and that will materially will affect the trial;
(5) a showing that a delay is necessary to accommodate a codefendant, when there is reason not to sever the cases is order-to proceed promptly with trial of the defendant; and
(6) a showing by the state that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
(m)Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from as appellate- or other reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).
(n) Discharge from Crime; Effect. Discharge from a crime under this rule shall operate to bar prosecution of the crime charged and of all other crimes on which trial has not commenced nor conviction obtained nor adjudication withheld and that were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.
(o) Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
(p) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
(2) The defendant may-r-aAt any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority notice of expiration-of-speedy trial-time.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the *476 defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Committee Notes
1972 Amendment. Same as prior rule. The schedule is omitted as being unnecessary.
1977 Amendment. An appeal by the state from an order dismissing the case constitutes an interlocutory appeal and should be treated as such. The additional phrase removes any ambiguities in the existing rule.
1980 Amendment.
(a)(1). Speedy Trial without Demand.
1. Prisoners in Florida institutions are now treated like any other defendant [formerly (b)(1) ].
2. Federal prisoners and prisoners outside Florida may claim the benefit of this subdivision once special prerequisites are satisfied under (b)(1).
8. Before a court can discharge a defendant, the court must make complete inquiry to ensure that discharge is appropriate.
(a)(2). Speedy Trial upon Demand.
1. Trial cannot be scheduled within 5 days of the filing of the demand without the consent of both the state and the defendant.
2. Before a court can discharge a defendant, the court must make complete inquiry to ensure that discharge is appropriate.
3. Prisoners in Florida are now treated like any other defendant [formerly (b)(2) ].
4. Federal prisoners and prisoners outside Florida may claim the benefit of this subdivision once special prerequisites are satisfied under (b)(1).
(a)(3). Commencement of Trial.
1. Minor change in language to reflect case law.
(a)(4). Custody. [NEW]
1. Custody is defined in terms tantamount to arrest. This definition was formerly contained in (a)(1).
2. Where a notice to appear is served in lieu of arrest, custody results on the date the notice is served.
(b)(1). Prisoners outside Jurisdiction. [NEW]
1. Prisoners outside the jurisdiction of Florida may claim benefit under (a)(1) and (a)(2) after the prisoner returns to the jurisdiction of the court where the charge is pending and after the prisoner files and serves a notice of this fact.
2. As an alternative, certain prisoners may claim the benefit of sections 941.45-941.50, Florida Statutes (1979).
3. Former (b)(1) is repealed.
(b)(2). [NEW]
1. Where a misdemeanor and felony are consolidated for purposes of trial in circuit court, the misdemeanor is governed by the same time period applicable to the felony. To claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired.
2. Former (b)(2) is repealed.
(b)(3). Repealed and superseded by (b)(1).
(c). Demand for Speedy Trial.
1. The subdivision recognizes that an invalid (spurious) demand must be stricken.
*477 2. The subdivision now puts a 5-day limit on the time when a defendant must be prepared.
(d)(1). Motion for Discharge.
1. Under the amended provision, a prematurely filed motion is invalid and may be stricken.
(d)(2). When Time May Be Extended.
1. The terms “waiver,” “tolling,” or “suspension” have no meaning within the context of the subdivision as amended. The subdivision addresses extensions for a specified period of time.
2. Except for stipulations, all extensions require an order of the court.
3. The term “recorded order” refers to stenographic recording and not recording of a written order by the clerk.
(d)(3). Delay and Continuances.
1. Even though the normal time limit has expired under (a)(1) or (a)(2), a trial court may not properly discharge a defendant without making a complete inquiry of possible reasons to deny discharge. If the court finds that the time period has been properly extended and the extension has not expired, the court must simply deny the motion. If the court finds that the delay is attributable to the accused, that the accused was unavailable for trial, or that the demand was invalid, the court must deny the motion and schedule trial within 90 days. If the court has before it a valid motion for discharge and none of the above circumstances are present, the court must grant the motion.
(e). Availability for Trial.
1. Availability for trial is now defined solely in terms of required attendance and readiness for trial.
(f). Exceptional Circumstances.
1. The 2 extension limit for unavailable evidence has been discarded.
2. The new trial date paragraph was eliminated because it simply was unnecessary.
(g). Effect of Mistrial; Appeal; Order of New Trial.
1. Makes uniform a 90-day period within which a defendant must be brought to trial after a mistrial, order of new trial, or appeal by the state or defendant.
(h)(1). Discharge from Crime.
1. No change.
(h)(2). Nolle Prosequi.
1. No change.
1984 Amendment.
(a)(1). Repeals the remedy of automatic discharge from the crime and refers instead to the new subdivision on remedies.
(a)(2). Establishes the calendar call for the demand for speedy trial when filed. This provision, especially sought by prosecutors, brings the matter to the attention of both the court and the prosecution. The subdivision again repeals the automatic discharge for failure to meet the mandated time limit, referring to the new subdivision on remedies for the appropriate remedy.
(i). The intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.
This subdivision provides that, upon failure of the prosecution to meet the mandated time periods, the defendant shall file a motion for discharge, which will then be heard by the court within 5 days. The court sets trial of the defendant within 10 additional days. The total 15-day period was chosen carefully by the committee, the *478 consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.
The committee further felt that it was not appropriate to extend the new remedy provisions to misdemeanors, but only to more serious offenses.
1992 Amendment. The purpose of the amendments is to gender neutralize the wording of the rule. In addition, the committee recommends the rule be amended to differentiate between 2 separate and distinct pleadings now referred to as “motion for discharge.” The initial “motion for discharge” has been renamed “notice of expiration of speedy trial time.”
RULE 3.213. CONTINUING INCOMPETENCY TO PROCEED, EXCEPT INCOMPETENCY TO PROCEED WITH SENTENCING: DISPOSITION
(a) Dismissal without Prejudice during Continuing Incompetency. If at any time after 5 years after determining a person incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
(b) Commitment or Treatment during Continuing Incompetency. If at any time after 5 years after determining a person incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does meet the criteria for commitment, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Health — and Rehabilitative Children and Family Services for involuntary hospitalization or residential services solely under the provisions of law or may order that the defendant receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the state attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant. If charges are dismissed pursuant to this subdivision, the dismissal shall be without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
*479 (c) Applicability. This rule shall not apply to defendants determined to be incompetent to proceed with sentencing, which is provided in rule 3.214.
Committee Notes
1980 Adoption. As to involuntary hospitalization, see section 394.467(1), Florida Statutes (1979); as to involuntary admission to residential services, see chapter 393, Florida Statutes (1979).
(b) This provision is meant to deal with the defendant who remains incompetent after 5 years, and who does meet the criteria for involuntary hospitalization. It provides that the criminal charges will be dismissed and the defendant will be involuntarily hospitalized. It further provides that the administrator of the facility must notify the state attorney prior to any release of a defendant committed pursuant to this subdivision.
As to criteria for involuntary hospitalization, see section 394.467(1), Florida Statutes (1979);. in case of retardation, see chapter 393, Florida Statutes (1979).
(c) Since commitment criteria for a defendant determined to be incompetent to stand trial are the same as for civil hospitalization, there is no need to continue the difference between felony and misdemean- or procedure.
Section 916.14, Florida Statutes, makes the statute of limitations and defense of former jeopardy inapplicable to criminal charges dismissed because of incompetence of defendant to stand trial.
1988 Amendment. Title. The title has been amended to comply with changes in rule 3.210, but specifically excludes competency to proceed with sentencing, which is addressed in the new rule 3.214.
(a)This provision was amended to reflect changes in rules 3.210 and 3.211. New language is added which specifies that, if charges are dismissed under this rule, it is without prejudice to the state to refile if the defendant is declared competent to proceed in the future. Similar language was previously found in rule 3.214(d), but is more appropriate under this rule.
(b) This provision has been amended for the same reasons as (a) above.
(c) This new provision specifically exempts this rule from being used against a defendant determined to be incompetent to be sentenced, which is now provided in the new rule 3.214. It is replaced by the new rule 3.214.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219.
See notes following rule 3.210 for the text of this note.
RULE 3.217. JUDGMENT OF NOT GUILTY BY REASON OF INSANITY: DISPOSITION OF DEFENDANT
(a) Verdict of Not Guilty by Reason of Insanity. When a person is found by the jury or the court not guilty of the offense or is found not to be in violation of probation or community control by reason of insanity, the jury or judge, in giving the verdict or finding of not guilty judgment, shall state that it was given for that reason.
(b) Treatment, Commitment, or Discharge after Acquittal. When a person is found not guilty of the offense or is found not to be in violation of probation or community control by reason of insanity, if the court shaR-then determines that the defendant presently meets the criteria set forth by law, the court shall commit the defendant to the Department of Health.and RehabilitativeChildren and Family Services or shall order outpatient treatment at *480 any other appropriate facility or service on an-oulpatient basis, or shall discharge the defendant. Any order committing the defendant or requiring outpatient treatment or other outpatient service shall contain:
(1) findings of fact relating to the issue of commitment or other court-ordered treatment;
(2) copies of any reports of experts filed with the court; and
(3) any other psychiatric, psychological, or social work report submitted to the court relative to the mental state of the defendant.
Committee Notes
1980 Adoption.
(a) Same substance as in prior rule.
(b) The criteria for commitment are set forth in chapter 394, Florida Statutes. This rule incorporates those statutory criteria by reference and then restates the other alternatives available to the judge under former rule 3.210.
See section 912.18, Florida Statutes, for criteria.
(1) This subdivision is equivalent to rule 3.212(b)(2); see commentary to that rule.
1988 Amendment. The amendments to this rule provide for evaluation of a defendant found not guilty by reason of insanity in violation of probation or community control proceedings as well as at trial. The amendments further reflect 1985 amendments to chapter 916, Florida Statutes.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219.
See notes following rule 3.210 for the text of this note.
RULE 3.218. COMMITMENT OF A DEFENDANT FOUND NOT GUILTY BY REASON OF INSANITY
(a) Commitment; 6-Month Report. The Department of Health and Rehabilita-tiveChildren and Family Services shall admit to an appropriate facility a defendant found not guilty by reason of insanity pursuant tounder rule 3.217 and found to meet the criteria for commitment for hospitalization and treatment and may retain and treat the defendant. No later than 6 months from the date of admission, the administrator of the facility shall file with the court a report, withand provide copies to all parties, which shall address the issues of further commitment of the defendant. If at any time during the 6-month period, or during any period of extended hospitalization that may be ordered pursu-aat-tounder this rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for commitment, the administrator shall notify the court by such a report withand provide copies to all parties.
(b) Right to Hearing if Committed upon Acquittal. The court shall hold a hearing within 30 days of the receipt of any suefc-report from the administrator of the facility on the issues raised thereby, and the defendant shall have a right to be present at the hearing. If, following the hearing? the court determines that the defendant continues to meet the criteria for continued commitment or treatment, the court shall order further commitment or treatment for a period not to exceed 1 year. The same procedure shall be repeated prior tobefore the expiration of each additional 1-year period in which the-defendant is retained by the facility.
(c) Evidence to Determine Continuing Insanity. Prior toBefore any hearing held pursuant-tounder this rule, the court may, on its own motion, and shall, on motion of *481 counsel for the state or defendant, appoint no fewer than 2 nor more than 3 experts to examine the defendant relative to the criteria for continued commitment or placement of the defendant and shall specify the date by which suefathe experts shall report to the court on these issues withand provide copies to all parties.
Committee Notes
1980 Adoption. This provision provides for hospitalization of a defendant found not guilty by reason of insanity and is meant to track similar provisions in the rules relating to competency to stand trial and the complementary statutes. It provides for an initial 6-month period of commitment with successive 1-year periods; it provides for reports to the court and for the appointment of experts to examine the defendant when such hearings are necessary. The underlying rationale of this rule is to make standard, insofar as possible, the commitment process, whether it be for incompetency to stand trial or following a judgment of not guilty by reason of insanity.
For complementary statute providing for hospitalization of defendant adjudicated not guilty by reason of insanity, see section 912.15, Florida Statutes.
1988 Amendment. The amendments to this rule, including the title, provide for commitment of defendants found not guilty by reason of insanity in violation of probation or community control proceedings, as well as those so found at trial. The amendments farther reflect 1985 amendments to chapter 916, Florida Statutes.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. See notes following rule 3.210 for the text of this note.
RULE 3.219. CONDITIONAL RELEASE
(a) Release Plan. The committing court may order a conditional release of any defendant who has been committed according to a finding of incompetency to proceed or an adjudication of not guilty by reason of insanity based on an approved plan for providing appropriate outpatient care and treatment. At such time asWhen the administrator shall determine outpatient treatment of the defendant to be appropriate, the administrator may file with the court, withand provide copies to all parties, a written plan for outpatient treatment, including recommendations from qualified professionals. Such.aThe plan may be submitted by the defendant. The plan shall include:
(1) special provisions for residential care, adequate supervision of the defendant, or both;
(2) provisions for outpatient mental health services; and
(3) if appropriate, recommendations for auxiliary services such as vocational training, educational services, or special medical care.
In its order of conditional release, the court shall specify the conditions of release based on the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant’s compliance with the conditions of the release, and progress in treatment, withand provide copies to all parties.
(b) Defendant’s Failure to Comply. If at-any-thae-it appears at any time that the defendant has failed to comply with the conditions of release, or that the defendant’s condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court may, after hearing, may modify the release conditions or, if the court finds the defendant meets the statutory criteria for commitment, may order *482 that the defendant be recommitted to the Department of Health and Rehabilitative-Children and Family-Samces-for — fur-ther-treatment.
(c) Discharge. If at any time it is determined after hearing that the defendant no longer requires court-supervised follow-up care, the court shall terminate its jurisdiction in the cause and discharge the defendant.
Committee Notes
1980 Adoption. This rule implements the prior statutory law permitting conditional release.
For complementary statute providing for conditional release, see section 916.17, Florida Statutes.
1988 Amendment. The amendments to this rule are designed to reflect amendments to rules 3.210, 3.211, and 3.218 as well as 1985 amendments to chapter 916, Florida Statutes.
(b) This provision has been amended to permit the court to recommit a conditionally released defendant to HRS under the provisions of chapter 916 only if the court makes a finding that the defendant currently meets the statutory commitment criteria found in section 916.13(1), Florida Statutes.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219.
See notes following rule 3.210 for the text of this note.
RULE 3.692. PETITION TO SEAL OR EXPUNGE
(a) Requirements of Petition. All relief sought by reason of sections 943.0585-943.059, Florida Statutes, shall be by written petition-imwrlting, filed with the clerk. The petition shall state the grounds on which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of the motion. A petition seeking to seal or expunge nonjudicial criminal history records must be accompanied by a certificate of eligibility issued to the petitioner by the Florida Department of Law Enforcement. A copy of the completed petition and affidavit shall be served on the prosecuting attorney^ and the arresting authority, and the Florida Department of ■Law-Enforcement. — Unless the state indicates' that it has no objectie-n-to-the -requested-relief — no-petition may be granted until at least 30 days-after service of the copies-of the'petition and affidavit. Notice and hearing shall be as provided in rule 3.590(c).
(b) State’s Response; Evidence. The state may traverse or demur to the petition and affidavit. The court may receive evidence on any issue of fact necessary to the decision of the petition.
(c) Written Order. If the petition is granted, the court shall enter its written order in writing so stating and further setting forth the records and agencies or departments to which it is directed.
(d) Copies of Order. On the receipt of the an order sealing or expunging nonjudicial criminal history records, the clerk shall furnish a certified copy thereof to each agency or department named therein excepting the court.
(e) Clerk’s Duties. In regard to the official records of the court, including the court file of the cause, the clerk shall:
(1) remove from the official records of the court, excepting the court file, all entries and records subject to the order*, provided that, if it shall not beis not practical to remove the entries and records, *483 then-tothe clerk shall make certified copies thereof and thereafterthen expunge by appropriate means the original entries and records;
(2) seal the entries and records, or certified copies thereof, together with the court file and retain the same in a son-pufelienonpublic index, subject to further order of the court (see Johnson v. State, 336 So.2d 93 (Fla.1976));
(3) in multi-defendant cases, make a certified copy of the contents of the court file that shall be sealed pursuant tounder subdivision (2). Thereafter, all references to the petitioner shall be expunged from the original court file.
(f) Costs. All costs of certified copies involved herein shall be borne by the mov-ant, unless the movant is indigent.
Committee Notes
1984 Amendment. Substantially the same as the former rule. The statutory reference in (1) was changed to cite the current statute and terminology was changed accordingly. Subdivision (f) of the former rule was deleted because it dealt with substantive matters covered by section 943.058, Florida Statutes (1981).
2000 Amendment. Substantially the same as the former rule, but references to certificate of eligibility for obtaining nonjudicial criminal history records were added pursuant to State v. D.H.W., 686 So.2d 1331 (Fla.1996).
RULE 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence pursuant tounder this subdivision during the time allowed for the filing of a motion pursuant tounder subdivision (b)(1) or during the pendency of a direct appeal.
(b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court pursuant tounder article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the Sstate pursuant tounder this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
(1) Motion Prior toBefore Appeal. During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the Sstate may file a motion to correct a sentencing error.
(A) This motion shall stay rendition pursuant- tounder Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later than 20 days from the filing of the motion, with notice to all parties, for the express purposes of either ruling on the motion or determining the need for an evidentiary hearing. If an evidentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call. Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order *484 is filed within 60 days, the motion shall be
(2) Motion Pending 'Appeal. If an appeal is pending, a defendant or the Sstate may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice shall-automatically shall extend the time for the filing of the. brief until 10 days after the clerk of circuit court transmits the supplemental record pursuant founder Florida Rule of Appellate Procedure 9.140(e)(6).
(A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the movant in the trial court, trial counsel will represent the movant on the motion pursuant tounder Florida Rule of Appellate Procedure 9.140(b)(5). If the Sstate is the movant, trial counsel will represent the defendant unless appellate counsel for the defendant notifies trial counsel and the trial court that he or she will represent the defendant on the Estate’s motion.
(B) The trial court shall resolve this motion in accordance with the procedures in subdivision (b)(1)(B).
(C) Pursuant-loin accordance with Florida Rule of Appellate Procedure 9.140(e)(6), the clerk of circuit court shall supplement the appellate record with the motion, the order, any amended sentence, and, if designated, a transcript of any additional portion of the proceedings.
(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after suehthe imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying cer-tiorari. This subdivision of the rule shall not,-however^ be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
Committee Notes
1968 Adoption. Same as sections 921.24 and 921.25, Florida Statutes. Similar to Federal Rule of Criminal Procedure 35.
1972 Amendment. Same as prior rule.
1977 Amendment. This amendment provides a uniform time within which a defendant may seek a reduction in sentence and excludes death and minimum mandatory sentences from its operation.
1980 Amendment. Permits the sentencing judge, within the 60-day time period, to modify as well as to reduce the sentence originally imposed. Such modification would permit the judge to impose, in the modification, any sentence which could have been imposed initially, including split sentence or probation. Thé trial judge may not, in such modification, increase the original sentence.
*485 1996 Amendments. Subdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal. The presence of a defendant who is represented by counsel would not be required at the hearing on the disposition of such a motion if it only involved a question of law.
2000 Amendment. The amendment to subdivision (a) is intended to conform the rule with State v. Mancino, 714 So.2d 429 (Fla.1998).
Court Commentary
1999 Amendments. Rule 3.800(b) was substantially rewritten to accomplish the goals of the Criminal Appeal Reform Act of 1996 (Ch. 96-248, Laws of Fla.). As revised, this rule permits the filing of a motion during the initial stages of an appeal. A motion pursuant to this rule is needed only if the sentencing error has not been adequately preserved for review at an earlier time in the trial court.
The State may file a motion to correct a sentencing error pursuant to rule 3.800(b) only if the correction of that error will benefit the defendant or correct a scrivener’s error. This amendment is not intended to alter the substantive law of the State concerning whether a change to the defendant’s sentence violates the constitutional prohibition against double jeopardy. See, e.g., Cheshire v. State, 568 So.2d 908 (Fla.1990); Goene v. State, 577 So.2d 1306, 1309 (Fla.1991); Troupe v. Rowe, 283 So.2d 857, 859 (Fla.1973).
A scrivener’s error in this context describes clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution. The term scrivener’s error refers to a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error. See, e.g., Allen v. State, 739 So.2d 166 (Fla. 3rd DCA 1999) (correcting a “scrivener’s error” in the written order that adjudicated the appellant in contempt for “jailing polygraph exam”); Pressley v. State, 726 So.2d 403 (Fla. 2d DCA 1999) (correcting scrivener’s error, in the sentencing documents that identified the defendant as a habitual offender when he was not sentenced as a habitual offender); Ricks v. State, 725 So.2d 1205 (Fla. 2d DCA 1999) (correcting scrivener’s error that resulted from the written sentence not identifying the defendant as a habitual offender although the court had orally pronounced a habitual offender sentence), review denied, 732 So.2d 328 (Fla.1999); McKee v. State, 712 So.2d 837 (Fla. 2d DCA 1998) (remanding for the trial court to determine whether a scrivener’s error occurred where the written order of probation imposed six years’ probation, which conflicted with the written sentence and the trial court minutes that reflected only five years’ probation had been imposed); Florczak v. State, 712 So.2d 467, 467 (Fla. 4th DCA 1998) (correcting a scrivener’s error in the judgment of conviction where the defendant was acquitted of grand theft but the written judgment stated otherwise); Stombaugh v. State, 704 So.2d 723, 725-26 (Fla. 5th DCA 1998) (finding a scrivener’s error occurred where the State had nol prossed a count of the information as part of plea bargain but the written sentence reflected that the defendant was sentenced under that count). But see Carridine v. State, 721 So.2d 818, 819 (Fla. 4th DCA 1998) (trial court’s failure to sign written reasons for imposing an *486 upward departure sentence did not constitute a scrivener’s error that could be corrected nunc pro tunc by the trial court), and cases cited therein.
When a trial court determines that an evidentiary hearing is necessary to resolve a factual issue, it is possible that the court will need to utilize the entire 60-day period authorized by this rule. However, trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process. For purposes of this rule, sentencing errors include harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as errors within the sentence itself.
RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
(a) Scope. This rule shall apply to all motions and petitions for any type of post-conviction or collateral relief brought by a prisoners in state custody who havehas been sentenced to death and whose conviction and death sentence have been affirmed on direct appeal.
(b) Time Limitation.
(1)Any rule 3.850 motion to vacate judgment of conviction and sentence of death shall be filed by the prisoner within onel year after the judgment and sentence become final. For the purposes of this rule, a judgment is final:
(aA) upon the expiration of the time permitted to file in the United States Supreme Court a petition for writ of certiora-ri in — the^ United States' Supreme Court seeking review of the Supreme Court of Florida decision of the Supreme Court of Florida "affirming a judgment and sentence of death (90 days after the opinion becomes finally or
(bB) upon the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed.
(2) All petitions for extraordinary relief in which the Supreme Court of Florida has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief filed on behalf of the death-sentenced prisoner in the appeal of the circuit court’s order on the rule 3.850 motion.
(3) The time limitation in subdivision (b)(1) is established with the understanding that each death-penaltysentenced prisoner will have counsel assigned and available to begin addressing the prisoner’s postconviction issues within 30 days after the judgment and sentence become final. Should the governor sign a death warrant before the expiration of the time limitation in subdivision (b)(1), thisthe Supreme Court of Florida-will, upon a defendant’s request, will grant a stay of execution to allow any postconviction relief motions to proceed in a timely and orderly manner. Furthermore, this time limitation shall not preclude the right to amend or to supplement pending pleadings pursuant tounder these rules.
(4) An extension of time may be granted by the Supreme Court of Florida for the filing of postconviction pleadings if the prisoner’s counsel makes a showing of good cause for counsel’s inability to file the postconviction pleadings within the enel-year period established by this seetienrule.
(5) The provisions of rule 3.850, tTo the extent that they are not inconsistent with this rule, the provisions of rule 3.850 remain applicable to postconviction or collateral relief.
(6) The-Gour-t-"Will-review the operation and-effectiveness- of this rule on or *487 before-July 1, 1995.- This rule will govern the cases of all death-sentenced individual-prisoners whose convictions and sentences become final after January 1,1994.
(c) Hearing Requirement. Prior toBe-fore ruling on any rule 3.850 motion filed by a death-sentenced prisoner who has been - sentenced to death, the trial court shall conduct a hearing to determine whether an evidentiary hearing is required. This rule shall apply-only-feo-r-ule 3.850 motions that have not been ruled-on as of January lr1997-
(d) Incompetence to Proceed in Capital Collateral Proceedings.
(1) A death-sentenced prisoner pursuing collateral relief under rule 3.850 or rule 3.851 who is found by the court to be mentally incompetent shall not be proceeded against, subject to the limitations in subdivision (d)(3). All collateral relief issues that involve only matters of record and claims that do not require the prisoner’s input shall proceed in collateral proceedings notwithstanding the prisoner’s incompetency.
(2) Collateral counsel may file a motion for competency determination and an accompanying certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the death-sentenced prisoner is incompetent to proceed. The motion and certificate shall replace the signed oath by the prisoner that otherwise must accompany a rule 3.850 motion.
(3) If, at any stage of a postconviction proceeding, the court determines that there are reasonable grounds to believe that a death-sentenced prisoner is incompetent to proceed and that factual matters are at issue, the development or resolution of which require the prisoner’s input, a .judicial determination of incompetency is required.
(4) The motion for competency examination shall be in writing and shall allege with specificity the factual matters at issue and the reason that competent consultation with the prisoner is necessary with respect to each factual matter specified. To the extent that it does not invade the lawyer-client privilege with collateral counsel, the motion shall contain a recital of the specific observations of, and conversations with, the death-sentenced prisoner that have formed the basis of the motion.
(5) If the court finds that there are reasonable grounds to believe that a death-sentenced prisoner is incompetent to proceed in a postconviction proceeding in which factual matters are at issue, the development or resolution of which require the prisoner’s input, the court shall order the prisoner examined by no more than 3, nor fewer than 2, experts before setting the matter for a hearing. The court may seek input from the death-sentenced prisoner’s counsel and the state attorney before appointment of the experts.
(6) The order appointing experts shall:
(A) identify the purpose of the evaluation and specify the area of inquiry that should be addressed;
(B) specify the legal criteria to be applied; and
(C) specify the date by which the report shall be submitted and to whom it shall be submitted.
(7) Counsel for both the death-sentenced prisoner and the state may be present at the examination, which shall be conducted at a date and time convenient for all parties and the Department of Corrections.
(8) On appointment by the court, the experts shall examine the death-sentenced prisoner with respect to the issue of com *488 petence to proceed, as specified by the court in its order appointing the experts to evaluate the prisoner, and shall evaluate the prisoner as ordered.
(A) The experts first shall consider factors related to the issue of whether the death-sentenced prisoner meets the criteria for competence to proceed, that is, whether the prisoner has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the prisoner has a rational as well as factual understanding of the pending,- collateral proceedings.
(B) In considering the issue of competence to proceed, the experts shall consider and include in their report:
(i) the prisoner’s capacity to understand the adversary nature of the legal process and the collateral proceedings;
(ii) the prisoner’s ability to disclose to collateral counsel facts pertinent to the postconviction proceeding at issue; and
(iii) any other factors considered relevant by the experts and the court as specified in the order appointing the experts.
(C) Any written report submitted by an expert shall:
(i) identify the specific matters referred for evaluation;
(ii) describe the evaluative procedures, techniques, and tests used in the examination and the purpose or purposes for each;
(iii) state the expert’s clinical observations, findings, and opinions on each issue referred by the court for evaluation, and indicate specifically those issues, if any; on which the expert could not give an opinion; and
(iv) identify the sources of information used by the expert and present the factual basis for the expert’s clinical findings and opinions.
(9) If the experts find that the death-sentenced prisoner is incompetent to proceed, the experts shall report on any recommended treatment for the prisoner to attain competence to proceed. In considering the issues relating to treatment, the experts shall report on:
(A) the mental illness or mental retardation causing the incompetence;
(B) the treatment or treatments appropriate for the mental illness or mental retardation of the prisoner and an explanation of each of the possible treatment alternatives in order of choices; and
(C) the likelihood of the prisoner attaining competence under the treatment recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the prisoner will attain competence to proceed in the foreseeable future.
(10) Within 30 days after the experts have completed their examinations of the death-sentenced prisoner, the court shall schedule a hearing on the issue of the prisoner’s competence to proceed.
(11) If, after a hearing, the court finds the prisoner competent to proceed, or, after having found the prisoner incompetent, finds that competency has been restored, the court shall enter its order so finding and shall proceed with a postconviction motion. The prisoner shall have 60 days to amend his or her rule 3.850 motion only as to those issues that the court found required factual consultation with counsel.
(12) If the court does not find the prisoner incompetent, the order shall contain:
(A) findings of fact relating to the issues of competency;
*489 (B) copies of the reports of the examining experts; and
(C) copies of any other psychiatric, psychological, or social work reports submitted to the court relative to the mental state of the death-sentenced prisoner.
(13) If the court finds the prisoner incompetent or finds the prisoner competent subject to the continuation of appropriate treatment, the court shall follow the procedures set forth in rule 3.212(c), except that, to the extent practicable, any treatment shall take place at a custodial facility under the direct supervision of the Department of Corrections.
Court Commentary
1993 Adoption. This rule is consistent with the recommendation of the Supreme Court Committee on Postconviction Relief in Capital Cases, which was created because of the substantial delays in the death penalty postconviction relief process. The committee was created because of the inability of the capital collateral representative to properly represent all death penalty inmates in postconviction relief cases and because of the resulting substantial delays in those cases. That committee recognized that, to make the process work properly, each death row prisoner should have counsel available to represent him or her in postconviction relief proceedings. The committee found that one of the major problems with the process was that the triggering mechanism to start or assure movement of the postconviction relief proceedings was the signing of a death warrant. In a number of instances, the courts were not aware of the problems concerning representation of a defendant until a death warrant was signed. In other instances, the committee found that, when postconviction relief motions had been filed, they clearly had not moved at an orderly pace and the signing of a death warrant was being used as a means to expedite the process. The committee recommended that specific named counsel should be designated to represent each prisoner not later than 30 days after the defendant’s judgment and sentence of death becomes final. To assure that representation, the committee’s report noted that it was essential that there be adequate funding of the capital collateral representative and sought temporary assistance from The Florida Bar in providing pro bono representation for some inmates.
There is a justification for the reduction of the time period for a capital prisoner as distinguished from a noncapital prisoner, who has two years to file a postconviction relief proceeding. A capital prisoner will have counsel immediately available to represent him or her in a postconviction relief proceeding, while counsel is not provided or constitutionally required for noncapital defendants to whom the two-year period applies.
In the event the capital collateral representative is not fully funded and available to provide proper representation for all death penalty defendants, the reduction in the time period would not be justified and would necessarily have to be repealed, and this Court will forthwith entertain a petition for the repeal of the rule. In this context, it is important to emphasize that the governor agrees that absent the circumstance where a competent death-sentenced individual voluntarily requests that a death warrant be signed, no death warrants will be issued during the initial round of federal and state review, provided that counsel for death penalty defendants is proceeding in a timely and diligent manner. This Court agrees that the initial round of postconviction proceedings should proceed in a deliberate but timely manner without the pressure of a pending death warrant. Subdivision 3.851(b)(4) above ad *490 dresses concerns of The Florida Bar and The Florida Bar Foundation.
The provisions of the present rule 3.851 providing for time periods where a 60-day warrant is signed by the governor are abolished because they are unnecessary if the guidelines are followed. The proceedings and grounds for postconviction relief remain as provided under Florida Rule of Criminal Procedure 3.850, which include, as one of the grounds, the opportunity for a defendant to present newly discovered evidence in accordance with Scott v. Dugger, 604 So.2d 465 (Fla.1992), Jones v. State, 591 So.2d 911 (Fla.1991), and Richardson v. State, 546 So.2d 1037 (Fla.1989).
1996 Amendment. Subdivision (c) is added to make the Court’s decision in Huff v. State, 622 So.2d 982 (Fla.1993), applicable to all rule 3.850 motions filed by a prisoner who has been sentenced to death. Florida Rule of Judicial Administration 2.071(b) allows for telephonic and teleconferencing communication equipment to be utilized “for a motion hearing, pretrial conference, or a status conference.” Teleconferencing sites have been established by the Department of Management Services, Division of Communications at various metropolitan locations in the state. The “Shevin Study” examined, at this Court’s request, the issue of delays in capital post-conviction relief proceedings and noted that travel problems of counsel cause part of those delays. The Court strongly encourages the use of the new telephonic and teleconferencing technology for postconviction relief proceedings that do not require evidentiary hearings, such as the hearing required under subdivision (c) of this rule. Only the attorneys need be involved in a hearing held under subdivision (c) of this rule; attendance of the postconviction defendant is not required.
RULE 3.986. FORMS RELATED TO JUDGMENT AND SENTENCE
(a) Sufficiency of Forms. The forms as set forth below, or computer generated formats that duplicate these forms, shall be used by all courts. Variations from these forms do not void a judgment, sentence, order, or fingerprints that are otherwise sufficient.
(b) Form for Judgment.
_Probation Violator
_Community Control Violator
_Retrial
_Resentence
In the Circuit Court,
_Judicial Circuit, in and for
___ County, Florida
Division_
Case Number_
State of Florida
v.
Defendant
JUDGMENT
The defendant,_, being personally before this court represented by_, the attorney of record, and the state represented by_, and having
_been tried and found guilty by jury/by court of the following crime(s)
_entered a plea of guilty to the following crime(s)
_entered a plea of nolo contendere to the following crime(s)
*491 [[Image here]]
_and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).
_and having been convicted or found guilty of, or having entered a plea of nolo contendere or guilty, regardless of adjudication, to attempts or offenses relating to sexual battery (ch. 794), lewd and lascivious conduct (ch. 800), or murder (s.782.04), aggravated battery (s.784.045), carjacking (s.812.133), or home invasion robbery (s.812.135), or any other offense specified in section 943.325, the defendant shall be required to submit blood specimens.
__and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.
DONE AND ORDERED in open court in_County, Florida, this_day of :_,-19^=on ... .(date).
Judge
State of Florida
[[Image here]]
Defendant
Case Number_
FINGERPRINTS IF DEFENDANT
R. Thumb R. Index R. Middle R. Ring R. Little
L. Thumb L. Index L. Middle L. Ring L. Little
Fingerprints taken by: _(Name Title)
I HEREBY CERTIFY that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _, and that they were placed thereon by the defendant in my presence in open court this date.
Judge
(c) Form for Charges, Costs, and Fees.
In the Circuit Court,
_Judicial Circuit, in and for
_County, Florida
Division._
Case Number_
State of Florida
*492 v.
Defendant
CHARGES/COSTS/FEES
The defendant is hereby ordered to pay the following sums if checked:
_$50.00 pursuant to section 960.20, Florida Statutes (Crimes Compensation Trust Fund).
_$3.00 as a court cost pursuant to section 943.25(3), Florida Statutes (Criminal Justice Trust Fund).
_$2.00 as a court cost pursuant to section 943.25(13), Florida Statutes (Criminal Justice Education by Municipalities and Counties).
_A fíne in the sum of $_pursuant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as part of a sentence to section 775.083, Florida Statutes, are to be recorded on the sentence page(s).)
_$20.00 pursuant to section 939.015, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).
_A 10% surcharge in the sum of $_ pursuant to section 775.0836, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).
_A sum of $_ pursuant to section 27.3455, Florida Statutes (Local Government Criminal Justice Trust Fund).
A sum of $_pursuant to section 939.01, Florida Statutes (Prosecution/Investigative Costs).
A sum of $_pursuant to section 27.56, Florida Statutes (Public Defender Fees).
Restitution in accordance with attached order.
Other_
DONE AND ORDERED in open court in_County, Florida, this-^z-day of =-l-9=on_(date).
Judge
(d) Form for Sentencing.
Defendant _ Case Number _ OBTS Number_
SENTENCE
(As to Count_)
The defendant, being personally before this court, accompanied by the defendant’s attorney of record, _, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,
(Check one if applicable)
_and the court having on (date)_... (date).... deferred imposition of sentence until this date
_and the court having previously entered a judgment in this case on (date)=... .(date).... now resentences the defendant
_and the court having placed the defendant on probation/community control and having subsequently revoked the defendant’s probation/community control
It Is The Sentence Of The Court That:
_The defendant pay a fine of $_, pursuant to section 775.083, Florida Statutes, plus $_as the 5% surcharge required by section 960.25, Florida Statutes.
_The defendant is hereby committed to the custody of the Department of Corrections.
*493 _The defendant is hereby committed to the custody of the Sheriff of_County, Florida.
_The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.
To Be Imprisoned (check one; unmarked sections are inapplicable):
_For a term of natural life.
_For a term of_
_Said SENTENCE SUSPENDED for a period of subject to conditions set forth in this order.
If “split” sentence complete the appropriate paragraph
_Followed by a period of_on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.
_However, after serving a period of _imprisonment in_the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.
In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.
SPECIAL PROVISIONS
(As to Count_)
By appropriate notation, the following provisions apply to the sentence imposed:
Mandatory/Minimum Provisions:
Firearm
_It is further ordered that the 3-year minimum imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.
Drug Trafficking
_It is further ordered that the_ mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.
Controlled Substance
Within 1,000 Feet of School
_It is further ordered that the 3-year minimum imprisonment provision of section 893.13(l)(e)l, Florida Statutes, is hereby imposed for the sentence specified in this count.
Habitual Felony Offender
_The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.
Habitual Violent Felony Offender
_The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of_year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. Law Enforcement Protection Act
_It is further ordered that the defendant shall serve a minimum of — years before release in accordance with section 775.0823, Florida Statutes.
Capital Offense
*494 _It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes.
Short-Barreled Rifle, Shotgun, Machine Gun
__ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. Continuing Criminal Enterprise
_It is further ordered that the 25-year minimum sentence provisions of. section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count.
Taking a Law Enforcement Officer’s Firearm
_It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0857(1), Florida Statutes, is hereby imposed for the sentence specified in this count.
Other Provisions:
Retention of Jurisdiction
_The court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983).
Jail Credit
_It is further ordered that the defendant shall be allowed a total of days as credit for time incarcerated before imposition of this sentence.
CREDIT FOR TIME SERVED IN RE-SENTENCING AFTER VIOLATION OF PROBATION OR COMMUNITY CONTROL
_It is further ordered that the defendant be allowed_days time served between date of arrest as a violator following release from prison to the date of resen-tencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and unforfeited gain time previously awarded on case/count_(Offenses committed before October 1,1989)
It is further ordered that the defendant be allowed _ days time served between date of arrest as a violator following release from prison to the date of resentenc-ing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served on case/count_(Offenses committed between October 1, 1989, and December 31,1993)
_The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(6).
_The Court allows unforfeited gain time previously awarded on the above case/count. (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1)).
It is further ordered that the defendant be allowed_days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/count_(Of-fenses committed on or after January 1,1994)
Consecutive/Concurrent as to Other Counts
It is further ordered that the sentence imposed for this count shall run (check one) _ consecutive to _ concurrent with the sentence set forth in count_of this case.
Consecutive/Concurrent as to Other Convictions
*495 It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one)_consecutive to — concurrent with (check one) the following:
_any active sentence being served.
_specific sentences: _
In the event the above sentence is to the Department of Corrections, the Sheriff of _County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.
The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant’s right to the assistance of counsel in taking the appeal at the expense of the state on showing of indigen-cy.
In imposing the above sentence, the court further recommends_
DONE AND ORDERED in open court at_County, Florida, this_day of , 19 — on .... (date).
Judge
(e) Form for Order of Probation.
In the_Court
of_Florida
Case Number_
State of Florida
v.
Defendant
ORDER OF PROBATION
This cause coming on this day to be heard before me, and you, the defendant, _, being now present before me, and you having
(check one)
._entered a plea of guilty to
_entered a plea of nolo contendere to
._. been found guilty by jury verdict of
_been found guilty by the court trying the case without a jury of the offense(s) of-
SECTION 1: Judgment Of Guilt
_The Court hereby adjudges you to be guilty of the above offense(s).
Now, therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld and that you be placed on probation for a period of_under the supervision of the Department of Corrections, subject to Florida law.
SECTION 2: Order Withholding Adjudication
_Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on probation for a period of_under the supervision of the Department of Corrections, subject to Florida law.
SECTION 3: Probation During Portion Of Sentence
It is hereby ordered and adjudged that you be
_committed to the Department of Corrections
_confined in the County Jail
for a term of_with credit for-jail time. After you have served_of the term you shall be placed on probation for a *496 period of_under the supervision of the Department of Corrections, subject to Florida law.
_confined in the County Jail
for a term of_with credit for_jail time, as a special condition of probation.
It is further ordered that you shall comply with the following conditions of probation during the probationary period.
(1) Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.
(2) You will pay the State of Florida the amount of $))))) per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.
(3) You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.
(4) You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer.
(5) You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.
(6) You will not associate with any person engaged in any criminal activity.
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
(8) You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer.
(9)You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you.
(10) You will pay restitution, costs, and/or fees in accordance with the attached orders.
(11) You will report in person within 72 hours of your release from confinement to the probation office in -County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at_
SPECIAL CONDITIONS
—You must undergo a (drug/alcohol) evaluation and, if treatment is deemed necessary, you must successfully complete the treatment.
— You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.
— You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.
— You will not associate with_dur-ing the period of probation.
*497 _You will not contact_during the period of probation.
_Other_
(Use the space below for additional conditions as necessary.)
You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence that it might have imposed before placing you on probation or require you to serve the balance of the sentence.
It is further ordered that when you have been instructed as to the conditions of probation, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)
It is further ordered that the clerk of this court file this order in the clerk’s office and provide certified copies of same to the officer for use in compliance with the requirements of law.
DONE AND ORDERED in open court in_County, Florida, this-_day of , 19_on .... (date).
Judge
I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.
Dn.tR .... (date).... Probationer _
Instructed by_
Original: Clerk of the Court
Certified Copies: Probationer
Florida Department of Corrections,
Probation and Parole Services
(f) Form for Community Control.
In the_Court
of_Florida
Case Number_
State of Florida
v.
Defendant
ORDER OF COMMUNITY CONTROL
This cause coming on this day to be heard before me, and you, the defendant, _, being now present before me, and you having
(check one)
_entered a plea of guilty to
_entered a plea of nolo contendere to
_been found guilty by jury verdict of
_been found guilty by the court trying the case without a jury of the offense(s) of
SECTION 1: Judgment of Guilt
._The court hereby adjudges you to be guilty of the above offense(s).
Now, therefore it is ordered and adjudged that you be placed on community control for a period of _ under the *498 supervision of the Department of Corrections, subject to Florida law.
SECTION 2: Order Withholding Adjudication
_Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on Community Control for a period of_ under the supervision of the Department of Corrections, subject to Florida law.
SECTION 3: Community Control During Portion Of Sentence
It is hereby ordered and adjudged that you be
_committed to the Department of Corrections
_confined in the County Jail
for a term of_with credit for jail time. After you have served ___ of the term, you shall be placed on community control for a period of_under the supervision of the Department of Corrections, subject to Florida law.
_confined in the County Jail
for a term of_with credit for_jail time, as a special condition of community control.
It is further ordered that you shall comply with the following conditions of community control during the community control period.
(1) Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.
(2) You will pay the State of Florida the amount of $_per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.
(3) You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.
(4) You will not possess, carry, or own any firearm. You will not possess, carry, or own other weapons without first procuring the consent of your officer.
(5) You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your community control.
(6) You will not associate with any person engaged in any criminal activity.
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
(8) You will work diligently at a lawful occupation, advise your employer of your community control status, and support any dependents to the best of your ability as directed by your officer.
(9) You will promptly and truthfully answer all inquiries directed to you by the court or your officer and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
(10) You will report to your officer at least 4 times a week, or, if unemployed full time, daily.
(11) You will perform_hours of public service work as directed by your officer.
(12) You will remain confined to your approved residence except for one half hour before and after your approved employment, public service *499 work, or any other special activities approved by your officer.
(13) You will pay restitution, costs, and/or fees in accordance with the attached orders.
(14) You will report in person within 72 hours of your release from confinement to the probation office in _County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at_
SPECIAL CONDITIONS
__You must undergo a (drug/alcohol) evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.
_You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.
__You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.
_You will not associate with_dur-ing the period of community control.
__You will not contact_during the period of community control.
_You will maintain an hourly accounting of all your activities on a daily log which you will submit to your officer on request.
_You will participate in self-improvement programs as determined by the court or your officer.
_You will submit to electronic monitoring of your whereabouts as required by the Florida Department of Corrections.
_Other_
(Use the space below for additional conditions as necessary.)
You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your community control, or may extend the period of community control as authorized by law, or may discharge you from further supervision or return you to a program of regular probation supervision. If you violate any of the conditions and sanctions of your community control, you may be arrested, and the court may adjudicate you guilty if adjudication of guilt was withheld, revoke your community control, and impose any sentence that it might have imposed before placing you on community control.
It is further ordered that when you have reported to your officer and have been instructed as to the conditions of community control, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)
It is further ordered that the clerk of this court file this order in the clerk’s office, and forthwith provide certified copies of same to the officer for use in compliance with the requirements of law.
DONE AND ORDERED this ^ day of , 19_on ,,,, (date).
*500 Judge
I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.
Bate . — -... .(date).... Community Controller_
Instructed by_
Original: Clerk of the Court
Certified Copies: Community Con-trollee
Florida Department of Corrections,
Probation and Parole Services
(g) Form for Restitution Order.
In the Circuit Court,
_Judicial Circuit, in and for
_County, Florida
Division_
Case Number_
State of Florida
v.
Defendant
RESTITUTION ORDER
By appropriate notation, the following provisions apply to the sentence imposed in this section:
— Restitution is not ordered as it is not applicable.
_Restitution is not ordered due to the financial resources of the defendant.
_Restitution is not ordered due to
_Due to the financial resources of the defendant, restitution of a portion of the damages is ordered as prescribed below.
_Restitution is ordered as prescribed below.
_Restitution is ordered for the following victim. (Victim refers to the aggrieved party, aggrieved party’s estate, or aggrieved party’s next of kin if the aggrieved party is deceased as a result of the offense. In lieu of the victim’s address and phone number, the address and phone number of the prosecuting attorney, victim’s attorney, or victim advocate may be used.)
- Name of victim _ Name of attorney or advocate if applicable
Address_
City, State, and Zip Code_
Phone Number_
— The sum of $_for medical and related services and devices relating to physical, psychiatric, and psychological care, including non-medical care and treatment rendered in accordance with a recognized method of healing.
— The sum of $_. for necessary phjrsical and occupational therapy and rehabilitation.
— The sum of $_ to reimburse the victim for income lost as a result of the offense.
— The sum of $_for necessary funeral and related services if the offense resulted in bodily injury resulting in the death of the victim.
— The sum of $_for damages resulting from the offense.
_The sum of $_for
It is further ordered that the defendant fulfill restitution obligations in the following manner:
— Total monetary restitution is determined to be $_to be paid at a rate of $_ per (check one)_month_week_other (specify) _ and is to be paid (check one) — through the clerk of the circuit court, _ to the victim’s designee, or _ *501 through the Department of Corrections, with an additional 4% fee of $— for handling, processing, and forwarding the restitution to the victim(s).
_For which sum let execution issue.
DONE AND ORDERED at _ County, Florida, this _^_-day of ^:,-19=on _(date).
Judge
Original: Clerk of the Court
Certified Copy: Victim
Committee Note
1980 Amendment. The proposed changes to Rule 3.986 are housekeeping in nature. References to the Department of Offender Rehabilitation have been changed to Department of Corrections to reflect a legislative change. See section 20.315, Florida Statutes (Supp.1978). The reference to “hard labor” has been stricken as the courts have consistently held such a condition of sentence is not authorized by statute. See, e.g., McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975).
RULE 3.987. MOTION FOR POST-CONVICTION RELIEF
MODEL FORM FOR USE IN MOTIONS FOR
POSTCONVICTION RELIEF PURSUANT TO
FLORIDA RULE OF CRIMINAL PROCEDURE 3.850
In the Circuit Court of the
_Judicial Circuit,
in and for_
County, Florida
State of Florida
v.
_(your name)
Criminal Division
Case No.:_
(the original case number)
MOTION FOR POSTCONVICTION RELIEF
Instructions — Read Carefully
(1) This motion must be legibly handwritten or typewritten, signed by the defendant, and contain either the first or second oath set out at the end of this rule. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.
(2) Additional pages are not permitted except with respect to the facts that you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted in support of your legal claims (as opposed to your factual claims), they should be submitted in the form of a separate memorandum of law. This memorandum should have the same caption as this motion.
(3) No filing fee is required when submitting a motion for postconviction relief.
(4) Only the judgment of one case may be challenged in a single motion for post-conviction relief. If you seek to challenge judgments entered in different cases, or different courts, you must file separate motions as to each such case. The single exception to this is if you are challenging the judgments in the different cases that were consolidated for trial. In this event, show each case number involved in the caption.
(5) Your attention is directed to the fact that you must include all grounds for relief, and all facts that support such grounds, in the motion you file seeking relief from any judgment of conviction.
*502 (6) When the motion is fully completed, the original must be mailed to the clerk of the court whose address is_(county where sentence was imposed) County Courthouse, _ (address of clerk), Florida.
MOTION
1.Name and location of the court that entered the judgment of conviction under attack: _
2. Date of judgment of conviction: _
3. Length of sentence: _
4. Nature of offense(s) involved (all counts): _
5.What was your plea? (check only one)
(a) Not guilty_
(b) Guilty_
(c) Nolo contendere_
(d) Not guilty by reason of insanity
If you entered one plea to one count and a different plea to another count, give details:
6. Kind of trial: (check only one)
(a) Jury_
(b) Judge only without jury__
7. Did you testify at the trial or at any pretrial hearing?
Yes_No_
If yes, list each such occasion: _
8. Did you appeal from the judgment of conviction?
Yes_No__
9. If you did appeal, answer the following:
(a) Name of court: _
(b) Result: _
(c) Date of result: _
(d) Citation (if known): _
10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in this court?
Yes_No__
11. If your answer to number 10 was “yes,” give the following information (applies only to proceedings in this court):
(a) (1) Nature of the proceeding: _
(2)Grounds raised:
(3) Did you receive an evidentiary hearing on your petition, application, motion, etc.?
Yes_No__
(4) Result: _
(5) Date of result: _
(b) As to any second petition, application, motion, etc., give the same information:
(1) Nature of the proceeding: _
(2) Grounds raised: _
(3)Did you receive an evidentiary hearing on your petition, application, motion, etc.?
Yes_No_
*503 (4) Result: -
(5) Date of result: -
12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in any other court?
Yes_No_
13. If your answer to number 12 was “yes,” give the following information:
(a)(1) Name of court: -
(2)Nature of the proceeding: -
(3)Grounds raised:
(4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?
Yes_No_
(5) Result: -
(6) Date of result: _
(b)As to any second petition,. application, motion, etc., give the same information:
(1) Name of court: -
(2) Nature of the proceeding: _
(3)Grounds raised:
(4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?
Yes_No_
(5) Result: _
(6) Date of result: -
(c)As to any third petition, application, motion, etc., give the same information:
(1) Name of court: _
(2) Nature of the proceeding: _
(3)Grounds raised:
(4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?
Yes_No_
(5) Result: _
(6) Date of result: _
14.State concisely every ground on which you claim that the judgment or sentence is unlawful. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and the facts supporting them.
For your information, the following is a list of the most frequently raised grounds for postconviction relief. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that your conviction or sentence is unlawful.
DO NOT CHECK ANY OF THESE LISTED GROUNDS. If you select one or more of these grounds for relief, you must allege facts. The motion will not be accepted by the court if you merely check (a) through (i).
(a) Conviction obtained by plea of guilty or nolo contendere that was unlawfully induced or not made voluntarily with un *504 derstanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(c) Conviction obtained by a violation of the protection against double jeopardy.
(d) Denial of .effective assistance of counsel.
(e) Denial of right of appeal.
(f) Lack of jurisdiction of the court to enter the judgment or impose sentence (such as an unconstitutional statute).
(g) Sentence in excess of the maximum authorized by law.
(h) Newly discovered evidence.
(i) Changes in the law that would be retroactive.
A. Ground 1: _
Supporting FACTS (tell your story briefly without citing cases or law):
B. Ground 2:
Supporting FACTS (tell your story briefly without citing cases or law):
C. Ground 3:
Supporting FACTS (tell your story briefly without citing cases or law):
D. Ground 4:
Supporting FACTS (tell your story briefly without citing cases or law):
15. If any of the grounds listed in 14 A, B, C, and D were not previously presented on your direct appeal, state briefly what grounds were not so presented and give your reasons they were not so presented:
16. Do you have any petition, application, appeal, motion, etc., now pending in any court, either state or federal, as to the judgment under attack?
Yes __No_
17. If your answer to number 16 was “yes,” give the following information:
(a) Name of court: _*_
*505 (b) Nature of the proceeding: -
(c) Grounds raised: -
(d) Status of the proceedings:
18. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein.
(a) At preliminary hearing: _
(b) At arraignment and plea:
(c) At trial:
(d) At sentencing:
(e) On appeal:
(f) In any postconviction proceeding: _
(g) On appeal from any adverse ruling in a postconviction proceeding: _
WHEREFORE, movant requests that the court grant all relief to which the movant may be entitled in this proceeding, including but not limited to (here list the nature of the relief sought):
1. _
2. Such other and further relief as the court deems just and proper.
OATH
(Complete 1 or 2)
1. Notarized Oath.
STATE OF FLORIDA
COUNTY OF_
Before me, the undersigned authority, this day personally appeared -, who first being duly sworn, says that he or she is the defendant in the above-styled cause, that he or she has read the foregoing motion for postconviction relief and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.
(your signature)
SWORN AND SUBSCRIBED TO before me this-day-of , 19(2)6d on .... (date)....
(20)6d
NOTARY PUBLIC or other person authorized to administer an oath (print, type, or stamp commissioned name of notary public)
Personally known (8)6d or produced identification (3)6d
Type of Identification produced_
2. Unnotarized Oath.
Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true.
(20)6d
(your signature)
RULE 3.989. AFFIDAVIT, PETITION, AND ORDER TO EXPUNGE OR SEAL FORMS
(a) Affidavit in Support of Petition.
In the Circuit Court of the
.... Judicial Circuit,
*506 in and for.
County, Florida
Case No.: .
Division.
State of Florida
Plaintiff,
v.
DefendanVPetitioner.
AFFIDAVIT
State of Florida
County of_
I, -(name of defendant/petitioner)...., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:
1. I fully understand the meaning of all of the terms of this affidavit.
2. I have never been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.
8. I was arrested on the .... day of y., 19.(date)-, by -(arresting agency)...., and I have not been adjudicated guilty of, nor adjudicated delinquent for committing, any of the charge-sacts stemming from that arrest or the alleged criminal activity surrounding my arrest.
4. I am eligible for the relief requested, to the best of my knowledge and belief, and do not have any other petition to expunge or seal pending before any court.
5. I have never secured a prior records expunction or sealing under any law.
6. (For use in expunction petitions only.) My record of arrest for this date has been sealed for at least 10 years; or an indictment, or — information, or other charging document was not filed against me for the above criminal transaction; or an indictment, or — information, or other charging document filed against me was dismissed by the prosecutor or the court.
Petitioner
Sworn to and subscribed before me this .. day of., 19.. on .... (date)....
NOTARY PUBLIC, or other person
authorized to administer an oath
Printed, typed, or stamped commissioned name of Notary Public
Personally known . or produced identification.
Type of identification produced .
My commission expires:
(b) Order to Expunge.
In the Circuit Court of the .... Judicial Circuit,
in and for.
County, Florida
Case NamberNo.: .
Division.
State of Florida,
Plaintiff,
v.
Defendant/Petitioner.
ORDER TO EXPUNGE PURSUANT ROUNDER
SECTION 943.0585, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692
THIS CAUSE having come on to be heard before me this date upon a petition to expunge certain records of the petition *507 er’s arrest on the — —day of ., 49^-_(date)-, by -(arresting agency)_, for .... (charges)-, and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:
1. The petitioner has never previously been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 94S.051(3)(b), Florida Statutes.
2. The petitioner was not adjudicated guilty of nor adjudicated delinquent for committing any of the chargesacts stemming from the arrest or criminal activity to which this expunction petition pertains.
3. The petitioner has not secured a pri- or records expunction or sealing.
4. This record has either been sealed for at least 10 years; or no indictment, er-information, or other charging document was ever filed in this case against the petitioner; or an indictment, m information, or other charging document filed against the defendant was dismissed by the prosecutor or the court. Whereupon it is
5. A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the petition for expunction of nonjudicial criminal history records. Whereupon it is
ORDERED AND ADJUDGED that the petition to expunge is hereby-granted. A1 court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further
ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) .... state attorney, .... special prosecutor, _ statewide prosecutor, -(arresting agency)...., and the Sheriff of . County, who will comply with the procedures set forth in section 943.0585, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further
ORDERED AND ADJUDGED that .... (arresting agency) .... shall expunge all information concerning indicia of arrest or criminal history record information regarding the arrest or alleged criminal activity to which this petitioner pertains in accordance with the procedures set forth in section 943.0585, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.
A1 costs of certified copies involved herein are to be borne by the .
DONE AND ORDERED in Chambers at.County, Florida, this .... day of ., 19.. on-(date)-
Circuit Court Judge
(c) Order to Seal.
In the Circuit Court of the .... Judicial Circuit,
in and for.
County, Florida
Case No.: .
Division.
State of Florida,
Plaintiff,
v.
Defendant/Petitioner.
Defendant/Petitioner.
*508 ORDER TO SEAL RECORDS -PURSUANT-T-QUNDER
SECTION 943.059, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692
THIS CAUSE having come on to be heard before me this date upon petitioner’s petition to seal records concerning the petitioner’s arrest on the .... day of., Í& — ... .(date).by the .... (arresting agency)...., and the court having heard argument of counsel and being otherwise advised in the premises, .the court hereby finds:
L. The petitioner has never been previously adjudicated guilty of a criminal offense or comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.
2. The petitioner was not adjudicated guilty of nor adjudicated delinquent for committing any of the ehargesacts stemming from the arrest or criminal activity to which the instant petition pertains.
3. The petitioner has not secured a pri- or records expunction or sealing; whereupon it is.
4. A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the instant petition for sealing nonjudicial criminal history records. Whereupon it is
ORDERED AND ADJUDGED that the petition to seal records be and the same ■hereby is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further
ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) .... state attorney, .... special prosecutor, .... statewide prosecutor, .... (arresting agency) ...., and the Sheriff of. County, who will comply with the procedures set forth in section 943.059, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further
ORDERED AND ADJUDGED that. -(arresting agency)- shall seal all information concerning indicia of arrest or criminal history record information regarding the arrest or alleged criminal activity to which this petitioner pertains in accordance with the procedures set forth in section 943.059, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.
All costs of certified copies involved herein are to be borne by the.
DONE AND ORDERED in Chambers at.County, Florida, this .... day of ., 19.. on .... (date)....
Circuit Court Judge
(d) Petition to Expunge or Seal.
In the Circuit Court of the .... Judicial Circuit,
in and for.
County, Florida
Case NumberNo.:_
Division_
State of Florida,
Plaintiff,
v.
Defendant/Petitioner.
PETITION TO EXPUNGE OR SEAL
The petitioner, ., by and through the undersigned attorney, peti *509 tions this honorable court, pursuant-tounder Florida Rule of Criminal Procedure 3.692 and section .... 948.0585, or .... section 943.059 Florida Statutes, to .... expunge/seal.... all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner’s arrest on the (4)27 day of .■■■— . ,7 49^_(date)_, by _(arresting agency)_, for-(charges)-, and as grounds therefor shows:
1. On the — —day—of—., 49^-... .(date)...., the petitioner, ., a _(race/sex)-, whose date of birth is .... (date of birth)...., was arrested by .... (arresting agency)...., and charged with .... (charges)....
2. The petitioner has not been adjudicated guilty of nor adjudicated guilty of committing any of the chargesacts stemming from this arrest or alleged criminal activity.
3. The petitioner has not been previously adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.
4. The petitioner has not secured a pri- or records expunction or sealing under section 943.0585, or 943.059, Florida Statutes, former section 943.058, Florida Statutes, former section 893.14, Florida Statutes, or former section 901.33, Florida Statutes, or any other law, rule, or authority-
5. (To be used only when requesting expunction.) SuehThe petitioner’s record has been sealed under section 943.059, Florida Statutes, former section 943.058, Florida Statutes, former section 893.14, Florida Statutes, or former section 901.33, Florida Statutes, for at least 10 years; or there has not been an indictment, er-information, or other charging document filed against the petitioner who is the subject of this criminal history record information; or an indictment, or information, or other charging document filed against the petitioner who is the subject of this criminal history information was dismissed by the prosecutor or the court.
6.A Certificate of Eligibility for _expunction/sealing- of nonjudicial criminal history records issued by the Florida Department of Law Enforcement accompanies this petition.
WHEREFORE, the petitioner moves to ... .expunge/seal.... any criminal history record information and any official court records regarding his/her arrest by .... (arresting agency)...., for .... (charges)...., on the — —day of .,19.(date).
I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .... (name of prosecuting authority)...., (check one) .... State Attorney for the . Judicial Circuit, in and for.County,-Special Prosecutor, .... Statewide Prosecutor; .... (arresting agency)....; . (Sheriff of.county wherein which defendant was arrested, if different); and the Florida Department of Law Enforcement, this ...-. day of.,19. .on ... .(date)....
Name:
Address:
City/State:
Telephone Number:
Fla. Bar No.:
Committee Notes
1984 Adoption. In order to have uniformity throughout the state, the committee proposes these forms for petition to expunge or seal, order to seal, and order to expunge and affidavit. These also should *510 be a great asset to counsel and an invaluable asset to the clerks and FDLE, etc., who will be receiving orders in the future. The subcommittee working on these proposed forms has contacted law enforcement agencies, clerks, etc., for their input as to these proposed forms.
RULE 3.993. FORMS RELATED TO CAPITAL POSTCONVICTION RECORDS PRODUCTION
(a) Notice to State Attorney of Affir-mance of Death Penalty.
In the Circuit Court of the .... Judicial Circuit,
in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE TO STATE ATTORNEY OF AFFIRMANCE OF DEATH PENALTY
TO: _
[name of state attorney and circuit]
The Attorney General of the State of Florida, pursuant founder Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the day of , ==.. ■ .(date)...., the Florida Supreme Court issued its mandate affirming the death sentence in this ease.
Within 15 days of receipt of this notice, you should provide written notice to each law enforcement agency involved in this case.
Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case, should copy, index, and deliver to the records repository of the Secretary of State all public recordsj-ex-eept those-previously filed in the trial court, that were produced in the investigation or prosecution of this case, except those previously filed in the trial court.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of state attorney], and _[name of trial counsel for defendant], this (4)6d day of (6)6d— (2)6don -(date)-
[name and address of attorney general]
(b) Notice to Secretary of Department of Corrections of Affirmance of Death Penalty.
In the Circuit Court of the ....
Judicial Circuit, in and for ....
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE TO SECRETARY OF DEPARTMENT OF CORRECTIONS OF AFFIRMANCE OF DEATH PENALTY
TO: _
[name of Secretary of Department of Corrections]
The Attorney General of the State of Florida, pursuant founder Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the — =—of— , =. ■ ■ .(date)...., the Florida Supreme Court issued its mandate affirming the death sentence in this case.
*511 Within 90 days after receipt of this notice, yon should copy, index, and deliver to the records repository of the Secretary of State all public records determined by your department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851 unless the production of these records would be unduly burdensome.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of Secretary of Corrections], and_[name of trial council]* this — =—day—of—.= , — =on (date)-
[name and address of attorney general]
(c) Notice by State Attorney to Law Enforcement Agency.
In the Circuit Court of the ....
Judicial Circuit, in and for .
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE OF AFFIRMANCE OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS
TO: _
[name of chief law enforcement officer]
The State Attorney of the_Judicial Circuit of the State of Florida, pursuant founder Florida Rule of Criminal Procedure 3.852(e)(1), hereby gives notice to _[name of chief law enforcement officer and agency], that was involved in this case by investigation, arrest, prosecution or incarceration, that on the —day of .. .(date)...., the Florida Supreme Court issued its mandate affirming the death sentence in this case.
Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case should copy, index, and deliver to the records repository of the Secretary of State all public recordSj-ex-cept those filed in the trial- court, which that were produced in the investigation, arrest, prosecution, or incarceration of this case, except those filed in the trial court.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of chief law enforcement officer],_[name of attorney general], and _[name of collateral counsel], this — =—day—of— —,—=on .... (date)....
[name and address of state attorney]
(d) Notice of Compliance by State Attorney.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE OF COMPLIANCE BY STATE ATTORNEY
TO: _
[name and address of attorney general]
*512 The State Attorney for the _ Judicial Circuit gives notice to the Attorney General of compliance by delivery of public records involving this case to the records repository of the Secretary of State. To the best of my knowledge and belief, all public records in my possession except-those -previously filed in the trial court that were produced in the investigation or prosecution of the case, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State as required by Florida Rule of Criminal Procedure 3.852(e)(2).
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of collateral counsel]-tfais _ day of_, _on .... (date)....
[name and address of state attorney]
(e) Notice of Compliance by the Secretary of the Department of Corrections.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE OF COMPLIANCE BY THE SECRETARY OF THE DEPARTMENT OF CORRECTIONS
TO: _
[name and address of attorney general]
The Secretary of the Department of Corrections, having received notice of the affirmance of the death penalty in this case from the Attorney General on the_day of — , ,. .(date)...., hereby gives notice and certifies that, to the best of my knowledge and belief, all public records determined by the Department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this _ day^of =¡-^=on _(date)_
[name and address of Secretary of Department of Corrections]
(f) Notice of Compliance by Law Enforcement Agency.
In the Circuit Court of the
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE OF COMPLIANCE BY LAW ENFORCEMENT AGENCY
TO: _
[name and address of attorney general]
*513 _[name of chiel law enforcement officer and agency] that was involved in this case by an investigation, arrest, prosecution, or incarceration, hereby gives notice to the Attorney General of compliance by delivery of public records involving this case to the records repository of the Secretary of State. I further certify that, to the best of my knowledge and belief, all public records in possession of this agency or in the possession of any employee of this agency, except those previously filed in the trial court that were produced in the investigation or prosecution of the case, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this _ day of_=, _^on -(date)-
[name and address of chief law enforcement officer]
(g) Notice to Attorney General of Pertinent Information.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
STATE ATTORNEY’S NOTICE TO ATTORNEY GENERAL OF PERTINENT INFORMATION
TO: _
[name and address of attorney general]
The undersigned _[name of state attorney] hereby gives notice to the Attorney General of the following name(s) and address(es) of any person or agency having information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State:
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of theirthe duty to deliver to the records repository of the Secretary of State all such-public records pertaining to this case, except those previously filed in the trial court, to the records repository- of the-Secretary-of-State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of public defender or defense counsel],this _ day of ,,-^=on (date) —
[name and address of state attorney]
(h) Notice to Attorney General of Pertinent Information.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
*514 TRIAL COUNSEL’S NOTICE TO ATTORNEY GENERAL OF PERTINENT INFORMATION
TO: _
[name and address of attorney general]
The undersigned _[name of public defender or other counsel], for __[name of defendant], hereby gives notice to the Attorney General of the following name(s) and address(es) of persons or agencies-in addition-to those previously-furnished4o-collateral counsel which that may have information pertinent to this case, in addition to those previously furnished to collateral counsel.
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of tfaeirthe duty to deliver to the records repository of the Secretary of State all such public records pertaining to this case, except those previously filed in the trial courts to the records repository of tho Sec-
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], -[name of attorney general], and -[name of state attorney], this =-dary^of (4)6d,_on .... (date)....
[name and address of trial counsel]
(i) Notice by Attorney General to Person or Agency Having Pertinent Information.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
NOTICE BY ATTORNEY GENERAL TO PERSON OR AGENCY HAVING PERTINENT INFORMATION
TO: _
[name and address of person or agency]
Pursuant to Florida Rule of Criminal Procedure 3.852(d)(2), the undersigned has been notified by_[name of trial counsel or state attorney], that you have public records pertinent to this case. Pursuant — toUnder the provisions of rule 3.852(e)(5), you must:
1. Within 90 days of receipt of this notice, copy, index, and deliver to the records repository of the Secretary of State all public records in your possession pertinent to this case, except those previously filed in the trial court; and
2. Provide written notice to me that you have complied with these provisions.
I HEREBY CERTIFY that a true and correct copy of the pleading has been served on _[name of person or agency] and -[name of trial court], this day-of ,-^=on .... (date)
[name and address of attorney general]
Cj) Notice of Compliance by Person or Agency.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
*515 V.
Defendant.
NOTICE OF COMPLIANCE BY PERSON OR AGENCY
TO: _
[name and address of attorney general]
The undersigned, pursuant to Florida Rule- of - Criminal-Procedure 3.852(e)(5)7 having received notice under Florida Rule of Criminal Procedure 3.852(e)(5) from the Attorney General on the day of =... .(date)...., to copy, index, and deliver all public records in my possession or in the possession of the undersigned agency to the records repository of the Secretary of State, hereby gives notice to the Attorney General and further certifies that, to the best of my knowledge and belief, all of these public records in my possession or in the possession of the undersigned agency pertaining to this case, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this-_ day of_, _on ... .(date)....
[name and address of person or agency]
(k) Defendant’s Demand for Production of Additional Public Records Pertaining to Defendant’s Case.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No..
Division _
State of Florida,
Plaintiff,
v.
Defendant.
DEFENDANT’S DEMAND FOR ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE
TO: _
[name and address of person or agency]
The defendant, by and through undersigned counsel, hereby makes demand of _[name of person or agency submitting public records], pur-suant-tounder Florida Rule of Criminal Procedure 3.852(i), for additional public records pertinent to this case.
1. Undersigned counsel represents that, after a timely and diligent search, the records specifically described below:
(a) are relevant to a pending proceeding parsuanbtounder rule 3.850; or
(b) appear reasonably calculated to lead to the discovery of admissible evidence; and
(c) have not previously-been obtained previously in discovery or from a pre-viousprior public records request from either the above-named person or agency or any other; and
(d) are not presently are not available from the public records repository.
2. The public records requested are as follows:
[list public records requested]
3. Pursuant toUnder rule 3.852, any objection to production, including any *516 claim of exemption, must be filed with the trial court and served upon all counsel of record within 60 days of receipt of this demand, or suehthat objection will be deemedconsidered waived.
4. Pursuant toUnder rule 3.852, you shall, within 90 days after receipt of this demand:
(a) copy, index, and deliver to the records repository of the Secretary of State any additional public records in the possession of your agency that pertain to this case; and
(b) certify that, to the best of your knowledge and belief, all additional public records have been delivered to the records repository of the Secretary of State; and
(c) recertify that the public records previously delivered are complete if no additional public records are found.
[name of attorney for defendant]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of person or agency], _[name of attorney general], and -[name of state attorney], this = day-of... , ^_on_(date)_
[name and address of attorney for defendant]
(l) Objection to Defendant’s Request for Production of Additional Public Records Pertaining to Defendant’s Case and Motion for Hearing.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
OBJECTION TO DEFENDANT’S REQUEST FOR PRODUCTION OF ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE AND MOTION FOR HEARING
The undersigned person or agency, having received on .... (date).... defendant’s demand for production of additional public records pertaining to defendant’s case-on the-— day of _, _, hereby files this objection and respectfully moves the court to hold a hearing to determine if the requirements of raleFlorida Rule of Criminal Procedure 3.852(2)6d have been met. The grounds for this objection are:
[specify grounds and identify records]
Respectfully submittéd,
[name of attorney]
Attorney for_
[name of person or agency]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], -[name of attorney for defendant], and _[name of attorney general], this — =—day—of , — =on .... (date)....
[name of attorney]
(m) Notice of Delivery of Exempt Public Records to Records Repository.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
*517 v.
Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO RECORDS REPOSITORY
TO: Records Repository
[address of records repository]
The undersigned, _[name of person or agency], hereby gives notice to the records repository of the Secretary of State that certain delivered records are confidential or exempt from the requirements of section 119.07(1), Florida Statutes. These public records have been separately contained without being redacted, sealed, and the nature of the public records and the legal basis under which the public records are exempt has been identified.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of record repository], _[name of attorney general], and _[name of collateral counsel], this _: day of_.-_on .... (date)....
[name and address of person or agency]
(n) Order to Deliver Exempt Public Records to the Clerk of Circuit Court.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
Defendant.
ORDER TO DELIVER EXEMPT PUBLIC RECORDS
TO: Records Repository
[address of records repository]
This court having received notice on the _day of-^_,_... (date)...., that certain records for which a claim of confidentiality or exemption from disclosure has been elaimedmade have been copied, indexed, separately contained without being redacted, sealed, identified as to their nature and the legal basis for their confidentiality or exemption, and delivered to the records repository of the Secretary of State, it is ordered that said records be delivered to_[name of clerk of circuit court] for further proceedings consistent with Florida Rule of Criminal Procedure 3.852(f). _[name of moving party] shall bear all costs associated with the transportation and inspection of saidthese records by the trial court.
DONE AND ORDERED in _ County, Florida, this^_ day of _ =r=on .... (date)....
Judge
(o) Notice of Delivery of Exempt Public Records to the Clerk of Circuit Court.
In the Circuit Court of the ....
Judicial Circuit, in and for.
County, Florida
Case No_
Division_
State of Florida,
Plaintiff,
v.
*518 Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO CLERK OF CIRCUIT COURT
TO: _
[name and address of clerk of circuit court]
The Secretary of State, by and through the undersigned, having received an appropriate court order pursuant to ruleunder Florida Rule of Criminal Procedure 3.852, hereby gives notice that the sealed con-taineres) of exempt public records has/have been shipped to the above-listed clerk of circuit court. Bursuant-feoUnder the provisions of Florida Rule of Criminal Proce-durerule 3.852(f)(2), these public records may be opened only for an inspection by the trial court in camera.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of clerk of circuit court], -[name of attorney general], and _[name of collateral counsel], this day-of ,-^on_(date)_
[name of secretary of state]
By:-
[name of representative of secretary of state]

. At the Committee's request, we postpone consideration of proposed rule 3.994, Order of No Imprisonment, in order to allow for further study of this proposal and direct the Committee to submit a separate out-of-cycle report of its recommendations concerning this proposal.

. Although we amend existing rule 3.851 as proposed by the Committee, we continue our efforts to completely revise the rules governing capital post-conviction proceedings. See Amendments to Fla. R.Crim. Proc. 3.851, 3.852, & 3.993, 772 So.2d 532 (Fla.2000).

. The remainder of the amendments reflected in the appendix, but not discussed, are technical in nature.